IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| URTHTECH LLC, and AZIZ AWAD, | ) |
| Plaintiffs, | ) |
| v. | ) C.A No. 22-_____ |
| GOJO INDUSTRIES, INC., | ) |
| Defendant. | ) **JURY TRIAL DEMANDED** |

# COMPLAINT

UrthTech LLC ("UrthTech") and Aziz Awad ("Dr. Awad") (collectively, "Plaintiffs"), for their Complaint against Gojo Industries, Inc. ("Gojo"), alleges as follows:

## THE PARTIES

1. UrthTech is a limited liability company existing under the laws of the State of Michigan, with its principal place of business at 915 East Maple Road, Birmingham, Michigan 48009. All of the members of UrthTech LLC are citizens of the State of Michigan. UrthTech is the leading developer of environmentally responsible antimicrobial products and specialty edible oils. UrthTech's research into novel antimicrobial solutions resulted in numerous inventions offering highly efficacious, safety antimicrobial solutions found in consumer and commercial cleaning products.

2. Dr. Awad is a United States citizen who resides in Wesland, Michigan, and this thus a citizen of the State of Michigan.

3. On information and belief, Gojo is a corporation organized and existing under the laws of the State of Ohio, having a principal place of business at One GOJO Plaza, Suite 500,

Akron, Ohio 44311. Gojo is engaged in the manufacture and sale of consumer and commercial cleaning products sold under the brand Purell®.

## NATURE OF THE ACTION

4. Beginning in 2009, UrthTech and Gojo worked together to jointly develop new antimicrobial technologies that Gojo would market under its Purell® brand. During UrthTech's relationship with Gojo, Dr. Aziz Awad, one of UrthTech's founders, provided Gojo with UrthTech confidential information under the terms of a nondisclosure agreement. UrthTech and Gojo entered into a License Agreement on March 5, 2015, in which UrthTech granted Gojo an exclusive license to UrthTech's patents. This is an action for breach of contract stemming from Gojo's breach of the License Agreement, which occurred when Gojo filed two patent applications that omitted Dr. Awad from the list of inventors, but incorporated Dr. Awad's contributions, and claimed inventions that were conceived in part by Dr. Awad.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a). This Court has jurisdiction under 28 U.S.C. § 1332 because the matter is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. The parties consented to personal jurisdiction of this Court in their License Agreement, which states: "Any legal suit, action or proceeding arising out of or related to this Agreement or the licenses granted hereunder shall be instituted exclusively in the federal courts of the United States or the courts of the State of New York in each case located in the city and County of New York, New York, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding." Exhibit A (License Agreement) § 13.13(b).

**FACTUAL ALLEGATIONS**

A.     **UrthTech's Antimicrobial Formulation Inventions**

7.     UrthTech was founded in 2002 by Michael J. George and Dr. Aziz Awad to develop new antimicrobial and antifungal formulations. Dr. Awad's extensive research and development efforts led on July 14, 2006, to the filing of U.S. Patent Appl. No. 11/486,736, titled "Methods and composition for treating a material," which issued as U.S. Patent No. 8,110,604 B2 ("the '604 patent") on February 2, 2012. Exhibit B is a true and correct copy of the '604 patent. On February 23, 2009, UrthTech filed another patent application directed to Dr. Awad's inventions, filed as U.S. Patent Appl. No. 12/380,077, titled "Methods and composition for treating a material," which issued as U.S. Patent No. 7,754,766 B2 ("the '766 patent") on July 13, 2010.  Exhibit C is a true and correct copy of the '766 patent. On April 28, 2009, UrthTech filed another application directed to Dr. Awad's inventions, filed as U.S. Patent Appl. No. 12/387,120, titled "Methods and composition for treating a material," which issued as U.S. Patent No. 8,143,309 B2 ("the '309 patent") on March 27, 2012.[1] Exhibit D is a true and correct copy of the '309 patent.

8.     Claim 9 of the '766 patent is directed to a composition having a mixture of an alcohol such as ethanol, a fatty acid salt soluble in an alcohol, an alkalinating agent, and water. Claim 9 is reproduced below:

> 9. A composition which comprises in a mixture:
>
> (a) a lower alkanol containing 1 to 6 carbon atoms, wherein the lower alkanol is present in an amount between about 18% and 95% by weight of the composition;

---

[1] The '604 patent, the '766 patent, and the '309 patent are collectively referred to herein as "the UrthTech patents."

> (b) a fatty acid salt soluble in the alkanol, wherein the fatty acid salt is present in an amount between about 0.1% and 25% by weight of the composition;
>
> (c) an alkalinating agent; and
>
> (d) water, wherein the water is present in an amount between about 15% and 60% by weight of the composition.

Exhibit C (the '766 patent) at 22:33–49.

9. Claim 32 of the '309 patent is directed to a composition containing an alcohol such as ethanol, an alkalinating agent, and a fatty acid derivative that can be a fatty acid salt, a fatty acid ester or combinations thereof. Claim 32 of the '309 patent is reproduced below:

> 32. A composition comprising an aqueous composition, the aqueous composition comprising in a mixture:
>
> (a) lower alkanol containing 1 to 6 carbon atoms;
>
> (b) an alkalinating agent, and
>
> (c) a fatty acid derivative comprising a fatty acid salt, a fatty acid ester, or a combination thereof;
>
> wherein the lower alkanol, the alkalinating agent, and the fatty acid derivative are present in an effective amount to sanitize a material to which the composition is applied.

Exhibit D (the '309 patent) at 34:15–23.

10. As set forth in the '309 patent, the formulations invented by Dr. Awad provide "a method for improving the germicidal and sporicidal spectra and activities of lower alkanols ($C_1$-$C_6$) for disinfecting living tissues (skin, hands, etc.) and inanimate objects (instruments, papers and printed materials, medical equipment, hard surfaces, military and civilian facilities, etc.) with unprecedented speed, economy, safety, gentleness, and residual antimicrobial effects." Exhibit D (the '309 patent) at 5:55–61.

### B. UrthTech and Gojo Jointly Develop Antimicrobial Products

11. On January 20, 2009, UrthTech and Gojo entered into a Confidential Nondisclosure Agreement ("NDA") to permit the parties to "engage in discussions and activities

with each other about formulations and materials." Exhibit E (NDA) at 1. On December 12, 2013, the parties amended the NDA to extend the term from five to ten years, through January 19, 2019. Exhibit F (NDA Amendment) at 1.

12. Pursuant to the NDA, Dr. Awad led UrthTech's team and served as a consultant to Gojo to further the development of products that might lead to a Gojo product that would embody at least claim 9 of the '766 patent and claim 32 of the '309 patent (reproduced above). Dr. Awad shared information concerning confidential data generated by UrthTech that was not disclosed in any of the publically available patents and patent applications filed by UrthTech. Among other confidential information, Dr. Awad shared a memorandum dated September 16, 2004 that assesses the efficacy of two formulations "FA" (an acidic formalization) and "FB" (a basic formulation) (hereinafter "the 2004 Memo"). Exhibit G (2004 Memo) at 1. The 2004 Memo concludes that both formulations are efficacious and lack the pungent smell associated with Clorox and other household cleaning products. *Id.* at 4. A separate memorandum identifies the compositions of FA and FB, with FA containing ethanol, lauric acid, water, and citric acid. Dr. Awad shared the 2004 Memo and associated documentation with Gojo.

          **1.    Gojo Licenses Dr. Awad's Inventions and Engages Dr. Awad as a Technical Consultant**

13. On March 5, 2015, UrthTech and Gojo entered into a License Agreement and Technical Assistance Agreement, true and correct copies of which are attached as Exhibits H and I, respectively. Pursuant to the License Agreement, UrthTech granted Gojo an exclusive license to a group of UrthTech patents including the 'UrthTech patents. Exhibit H (License Agreement) at 6 (§ 2.1(a)), 24 (Schedule 1). The license grant was limited to "make, have made, use, offer to sell, sell and import Licensed Products" in certain markets. *Id.* at 4, 6 (§ 2.1(a)), 25 (Schedule 2). Schedule 2 to the License Agreement lists the Licensed Products as pertaining to the "Surface

Care" category, and including spray and wipe products, and assigned different royalties for different product types. *Id.* at 25 (Schedule 2). The License Agreement references the Schedules, and Technical Service Agreement as constituting the entire agreement between the parties. *Id.* at 21 (§ 13.9).

14. Pursuant to the License Agreement, and relying on the assistance of Dr. Awad provided under the Technical Assistance Agreement, Gojo developed a "multi surface disinfectant" spray product marketed as a Purell®-brand product as shown below:



This product won an award for the Product of the Year awarded by the Product of the Year USA. Exhibit J (Gojo Press Release) at 1. These multi surface disinfectant products are a Licensed Product subject to the exclusive grant in the License Agreement.

15. The License Agreement contemplated that the parties may develop improvements to the licensed technology, defined as follows: "'Improvement' means any modifications of, derivative works based on, and enhancements and improvements to any Licensed Know-How, Licensed Patents, Licensed Technology or Licensed Product created, conceived, developed or reduced to practice by or on behalf of either Party or both Parties or any of their Affiliates after

6

the Effective Date and during the term of this Agreement, including all Intellectual Property Rights therein." Exhibit H (License Agreement) at 2–3. Thus, an Improvement comes into being as soon as it is conceived by either of, or both of, the parties, and certainly by the time any "Intellectual Property Right" exists. The License Agreement segregated Improvements into three types: those created solely by UrthTech, those created solely by Gojo, and those jointly created by UrthTech and Gojo. *Id.* at 8–9 (§ 3).

16. For those Improvements created solely by Gojo, Gojo was obligated to "provide written notice to Licensor [UrthTech] within thirty days after the creation or development of any such Improvements." Exhibit H (License Agreement) at 8 (§ 3.2). As noted in Paragraph 15, Improvements include "any modification of" the "Licensed Technology," which means "antimicrobial and otherwise decontaminating compounds owned by Licensor as of the Effective Date and during the Term, including the compositions and methods of making and using such compounds, and all Intellectual Property Rights in any of the foregoing." *Id.* at 4. Thus, the License Agreement obligated Gojo to inform UrthTech within thirty days of any update to the compositions and methods licensed to Gojo, and certainly by the time any patent applications were filed related to those updated compositions and methods.

17. For those Improvements created jointly by UrthTech and Gojo, which is defined as an Improvement as defined in the License Agreement "that at least one employee from each of" UrthTech and Gojo "is considered an 'inventor' as defined by US Patent Law." Exhibit H (License Agreement) at 8 (§ 3.3). For any patent application related to a jointly created Improvement, "the parties agree that all patent filings relating to Joint Improvements shall be made jointly." *Id.* Moreover, "[a]ny filing of patent applications covering Joint Improvements or

Joint Patent Rights by one party hereunder shall be fully disclosed to the other party no later than thirty (30) days **prior to filing**." *Id.* at 9 (§ 3.3) (emphasis added).

18. This provision of the License Agreement made Dr. Awad an intended third party beneficiary to the contract for any Improvements jointly created by him and Gojo. The benefit intended for Dr. Awad was listing him as an inventor on any patent application related to a jointly created Improvement for which he created with Gojo. Such benefit was sufficiently immediate and not incidental, indicating that Gojo assumed a duty to Dr. Awad if this benefit was lost.

19. Gojo agreed "that a breach by the other party of this [License] Agreement may cause the non-breaching party irreparable harm, for which an award of damages would not be adequate compensation and agrees that, in the event of such a breach or threatened breach, the non-breaching party will be entitled to seek equitable relief, including in the form of a restraining order, orders for preliminary or permanent injunction, specific performance and any other relief that may be available from any court." Exhibit H (License Agreement) at 22 (§ 13.14).

### 2. Dr. Awad's Contributions to Gojo's Inventions and Product Development

20. As described above in Paragraph 12, Dr. Awad shared information and data with Gojo concerning two formulations: "FA" and "FB." Formulation "FB" formed the basis for UrthTech's development that led to the UrthTech patents licensed to Gojo, and embodied in the Purell® multi surface disinfectant products. The "FA" formulation included ethanol, lauric acid, and citric acid at a pH of about 3. In May 2015, Dr. Awad provided a confidential memorandum titled "Improvement to Existing Technology" to Gojo in which Dr. Awad described the use of certain non-fatty acid based surfactants in antimicrobial formulations, including alkyl polyglucosides. In addition, Dr. Awad engaged in multiple discussions with scientists at Gojo in

an effort to assist Gojo in furthering the development of its existing product lines. For example, on January 28, 2016, Dr. Awad attended a conference with Amanda Copeland and Dewain Garner to discuss Gojo's questions on the development of its "Purell 30" project. Exhibit L (Meeting Invitation) at 1.

### 3.     Gojo's Acid-Based Wipe Product and Patent Application

21.     On September 15, 2017, Gojo filed U.S. Provisional Patent Application No. 62/559,221, titled "Antimicrobial Composition," directed to acidic antimicrobial compositions (*i.e.,* compositions having a pH less than 7) that comprise, among other options, citric acid and an alkyl polyglucoside, and listing Rachel Leslie, Dewain Garner, and James Bingham as inventors. Exhibit L (Acid Wipes Prov. Appl.) at 1, 23 (Example 3). On September 17, 2018, Gojo filed a non-provisional application, claiming priority to this provisional application, which published on March 21, 2019, as U.S. Patent Pub. 2019/0082684 ("the '684 Publication") that lists Rachel Leslie, Dewain Garner, James Bingham, and Travis Neal as inventors. Exhibit M (the '684 Pub) at 1. Claim 33 that published in the '684 Publication is directed to an acidic antimicrobial containing an alkyl polyglucoside:

> 33. An antimicrobial composition comprising:
>
> less than about 35.0 wt. % of one or more $C_{1-8}$ alcohols, based on the total weight of the antimicrobial composition;
>
> from about 0.50 to about 3.0 wt. % of two or more of alkyl polyglucoside, a buffer, and an enhancer, wherein the pH of the antimicrobial composition is less than or equal to about 5.0.

*Id.* at 13.

22.     Improvements such as the use of an alkyl polyglucoside and utilizing acidic formulations were provided by Dr. Awad to Gojo as described above in Paragraph 20. On information and belief, the disclosures of Dr. Awad's proposed formulation modifications were communicated to at least one of the inventors listed on the provisional and non-provisional

9

applications referenced above. Despite Dr. Awad's central contribution to the conception of the inventions claimed in the '684 Publication, and its obligation under the License Agreement, Gojo failed to list Dr. Awad as an inventor on the patent applications.

23. On information and belief, in 2018 Gojo began marketing Purell® Foodservice Surface Sanitizing Wipes, which embodies at least the invention claimed in claim 33 of the non-provisional application referenced above. *See* Exhibit N (Acid Wipes SDS) at 4.

### 4. Gojo's Improved Spray Product and Patent Application

24. On February 21, 2019, Gojo filed U.S. Provisional Patent Application No. 62/808,484, titled "Alkaline Disinfecting Compositions," directed to basic antimicrobial compositions (i.e., compositions having a pH greater than 7) that comprise an alkyl polyglucoside surfactant instead of a fatty acid-based surfactant, and listing Dewain Garner, Marisa Macnaughtanand, and James Bingham as inventors. Exhibit O (Spray Prov. Appl.) at 1, 25–29 (Examples 1–6). As filed, claim 13 of the provisional application (reproduced below) recited a composition comprising one or more $C_1$-$C_6$ alcohols such as ethanol, and "one or more surfactants comprising one or more of alcohol ethoxylates, alcohol propoxylates, and alkyl polyglucosides":

> 13. A composition comprising:
>
> from 5 to 95 wt. % of one or more C1-C6 alcohols, based upon the total weight of the composition;
>
> one or more alkaline pH adjusting agents; and
>
> one or more surfactants comprising one or more of alcohol ethoxylates, alcohol propoxylates, and alkyl polyglucosides,
>
> wherein the composition has a pH of greater than 12.

*Id.* at 31.

25.     On February 21, 2020, Gojo filed a non-provisional application based on this provisional application, which published on August 27, 2020, as U.S. Patent Pub. 2020/0267973 ("the '793 Publication") that lists Dewain Garner, Marisa Macnaughtanand, and James Bingham as inventors. Exhibit P (the '793 Pub) at 1.

26.     Improvements such as the use of an alkyl polyglucoside (*i.e.,* an alternative to fatty acid-based surfactants) in formulations having a pH above 12 were provided by Dr. Awad to Gojo as described above in Paragraph 20. On information and belief, the disclosures of Dr. Awad's proposed formulation modifications were communicated to at least one of the inventors listed on the spray provisional application referenced above. Despite Dr. Awad's central contribution to the conception of the inventions recited in the claims of spray patent applications referenced above, Gojo failed to list Dr. Awad as an inventor on the patent applications.

27.     On information and belief, in 2020 Gojo began marketing a Purell® multi surface spray product that embodies at least claim 13 of the provisional application as quoted above.

**C.     Gojo's Belated Improper Notice to UrthTech**

28.     On March 16, 2020, more than a year after filing U.S. Provisional Patent Application No. 62/808,484, Gojo sent a letter to Mr. Robert George, UrthTech's President, to provide "notice required under Section 3.2 of the March 5, 2015, License Agreement." Exhibit Q (Gojo Letter) at 1. The letter refers to "a formula, which may be considered an Improvement under the terms of the Agreement," but fails to acknowledge that the Improvements were jointly created by Dr. Awad and Gojo or to allow UrthTech to jointly participate in the prosecution of related patent applications. *Id.* In a separate communication with Gojo, UrthTech was informed of the specific formula, which is an embodiment of the inventions recited in the claims of U.S. Provisional Patent Application No. 62/808,484 and the '793 Publication.  *See* Exhibit R (Gojo

Spray Product) at 1 (showing the new formulation contains Undiceth-3, an alcohol ethoxylate surfactant and an improved surfactant Dr. Awad disclosed to Gojo).

29. Gojo failed to notify UrthTech at the appropriate time, "within thirty days after the creation or development of any such Improvements," and if Jointly Created, Gojo failed to disclose the filing of the application within "thirty (30) days prior to filing." Exhibit H (License Agreement) at 9 (§ 3.3). Gojo gave no notice to UrthTech regarding the Improvement related to the acid-based wipe application and product.

## COUNT I

## BREACH OF CONTRACT

30. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

31. The License Agreement is a valid, enforceable agreement.

32. Dr. Awad is a third party beneficiary under the License Agreement.

33. UrthTech has complied with all material terms in the License Agreement.

34. Gojo breached the terms of the License Agreement by, among other things: (1) failing to notify UrthTech about the Improvement within thirty days of the development of the improved spray formulations, and at least by March 21, 2019, thirty days from the filing of U.S. Provisional Patent Application No. 62/808,484 directed to the improved spray formulations; (2) failing to notify UrthTech about the Improvement within thirty days of the development of the improved acidic wipe formulations, and at least by September 15, 2017, the date on which Gojo filed U.S. Provisional Patent Application No. 62/559,221, directed to the improved acidic wipe formulations; (3) failing to list Dr. Awad as an inventor on U.S. Provisional Patent Application No. 62/808,484, despite Dr. Awad's contribution to the conception of at least one claim in that application and subsequent related applications; (4) filing U.S. Provisional Patent Application

No. 62/808,484 without involving UrthTech, thereby breaching the terms pertaining to the jointly created improvement provisions of the License Agreement, including by failing to jointly file all patent filings; (5) failing to list Dr. Awad as an inventor on U.S. Provisional Patent Application No. 62/559,221 despite Dr. Awad's contribution to the conception of at least one claim on that application and subsequent related applications; and (6) filing U.S. Provisional Patent Application No. 62/559,221 without involving UrthTech, thereby breaching the terms pertaining to the jointly created improvement provisions of the License Agreement, including by failing to jointly file all patent filings.

35. Gojo agreed that if it breaches the provisions pertaining to jointly created improvements, including by not jointly filing all patent applications and related papers, UrthTech will be irreparably harmed including by Gojo obtaining an issued patent that improperly omits naming Dr. Awad as an inventor, and/or amending the pending patent claims to remove subject matter contributed by Dr. Awad to the detriment of UrthTech.

36. As a result of Gojo's breaches of the License Agreement, Plaintiffs have incurred damages in an amount to be determined at trial, but, upon information and belief, which are no less than $75,000.

37. Plaintiffs will be harmed if Gojo fails to amend its pending patent applications to add Dr. Awad as an inventor. In these circumstances, UrthTech is entitled an injunction to prevent such irreparable injury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in their favor against Gojo and grant the following relief:

A. A preliminary and permanent injunction ordering Gojo to add Dr. Awad as an inventor on the application claiming priority to U.S. Provisional Patent Application No. 62/559,221;

B. A preliminary and permanent injunction ordering Gojo to add Dr. Awad as an inventor on the application claiming priority to U.S. Provisional Patent Application No. 62/808,484;

C. Awarding attorneys' fees and costs incurred as a result of this action;

D. Awarding monetary damages in an amount of at least $75,000 and sufficient to compensate Plaintiffs for the harm caused by Gojo's breach of contract; and

E. Awarding Plaintiffs such further relief as the Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Plaintiffs hereby demand a jury trial on all issues so triable.

August 8, 2022

Respectfully submitted,
/s/ *Marc J. Rachman*
Marc J. Rachman
DAVIS+GILBERT LLP
1675 Broadway
New York, NY  10019
mrachman@dglaw.com
(212) 468-4800


*OF COUNSEL*

Mark H. Izraelewicz (*Pro Hac Vice* to be filed)
Michael R. Weiner (*Pro Hac Vice* to be filed)
MARSHALL, GERSTEIN & BORUN LLP
6300 Willis Tower
233 S. Wacker Drive
Chicago, Illinois 60606-6357
mizraelewicz@marshallip.com
mweiner@marshallip.com
(312) 474-6300

*Attorneys for Plaintiffs*