**CALFEE**

aalexander@calfee.com
216.622.8634 **Direct**

October 4, 2022

*By ECF*

The Honorable P. Kevin Castel
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

**Calfee, Halter & Griswold LLP**
Attorneys at Law

The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
216.622.8200 **Phone**
Calfee.com

*[Handwritten: The application is provisionally GRANTED. SO ORDERED. /s/ 10-4-22 USDJ]*

Re: Case 1:22-cv-06727-PKC *UrthTech LLC et. al v. GOJO Industries, Inc.*—
Letter Motion to Seal Exhibits A and H to Complaint

Dear Judge Castel:

I write on behalf of Defendant GOJO Industries, Inc. ("GOJO") in response to Your Honor's September 1, 2022 Order (ECF No. 10) denying Plaintiffs' Motion to Seal Exhibits A and H to Complaint *Nunc Pro Tunc* (ECF No. 5) without prejudice. For the reasons set forth below, and pursuant to the standards in *Lugosch v. Pyramid*, 435 F.3d 110 (2d Cir. 2006), GOJO respectfully requests that the Court order Exhibits A and H to Plaintiffs' Complaint be sealed and the public versions of those exhibits be replaced with the attached redacted version (Ex. A), which only redacts terms of the agreement not relevant to the issues in this case. As indicated in their letter motion (ECF No. 5), Plaintiffs do not oppose sealing Exhibits A and H.

Plaintiffs, UrthTech LLC and Aziz Awad (collectively, "UrthTech"), filed the complaint in the above-referenced case on August 8, 2022, alleging that GOJO breached certain terms of the parties' patent licensing agreement. In particular, UrthTech's allegations relate to terms in the agreement governing the development of "improvements" to licensed patents and products under the agreement—UrthTech's entire complaint, in fact, appears to be about *inventorship* for two of GOJO's pending patent applications. As an exhibit to the complaint, UrthTech attached unredacted copies of the parties' licensing agreement, despite the agreement designating "the terms and existence of th[e] Agreement" as "Confidential Information." At GOJO's request, UrthTech then moved the Court to seal the licensing agreement, due to its confidential nature. For the reasons set forth below, GOJO believes its proposed redactions meet the standards governing sealing court documents, as set forth in *Lugosch v. Pyramid*.

The Second Circuit in *Lugosch* explained that there is a presumption that judicial documents should be unsealed in light of the common law and First Amendment right of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); *see also Valassis Comms., Inc. v. News Corporation*, 1:17-cv-7378 (PKC), 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020). That said, a document may be sealed "with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing is narrowly

tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. The weight given to the presumption of public access depends on how relevant the information is to adjudicating the case. *See id.* "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quoting *US v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

GOJO's proposed redactions in the attached license agreement are narrowly tailored to keep public any information that is relevant to Plaintiff's claims. For example, GOJO's proposed redactions leave public the relevant terms in the agreement relating to the scope of the license grant, improvements, licensed patents, and licensed products. The proposed redactions, on the other hand, are narrowly targeted at the terms that are not relevant to the claims in this case. Accordingly, the presumption of access for this information "is at its weakest." *See Liberty Re (Bermuda) Ltd. V. Transamerica Occidental Life Ins. Co.*, No. 04 Civ. 5044(NRB), 2005 WL 1216292, at *6 (S.D.N.Y. May 23, 2005).

Allowing unfettered public access to this licensing agreement (including terms not relevant to this case) would put GOJO at a competitive disadvantage to the extent a future adverse party obtained it. The agreement contains many commonly negotiated terms relating to, for example, royalty rates, indemnification, representations and warranties, etc. Making these bargained-for terms publicly available will impair GOJO's negotiating power. Thus, given the weak presumption of access for this information, GOJO's interest in protecting its confidential business information should prevail. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding public disclosure inappropriate as it would cause financial harm and significant competitive disadvantage to the moving party); *see also PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014); *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.* No. 13 Civ. 1654 (RA)(HBP), 2015 WL 4298572, at *3 (S.D.N.Y. July 15, 2015) (stating that competitive disadvantage by public disclosure is a valid justification for sealing a document); *Samsung C&T America, Inc. v. Tommy Bahama Group, Inc.*, 20 Civ. 10348 (JPC), 2022 WL 624555, at FN 2 (S.D.N.Y. Mar. 3, 2022) (upholding a previous ruling that found filing a license agreement privately under seal and publicly with redactions was appropriate as the redactions requested were not relevant to partial judgment); *Regeneron Pharm., Inc. v. Novartis Pharma AG*, No. 1:20-cv-05502, 2021 WL 243943, at *1 (S.D.N.Y. Jan. 25, 2021) (holding, "the Court finds that the requests are narrowly tailored to protect competitive business information, including the non-public terms of patent licensing agreements… As a result, the Court concludes that the sensitivity of this information outweighs the presumption of access contemplated in the third *Lugosch* factor.").

Accordingly, GOJO respectfully requests that the Court grant GOJO's Motion to Seal and order Exhibits A and H of the Complaint be sealed and the public versions of those exhibits be replaced with the attached redacted version (Ex. A).

Sincerely,

/s/ *Andrew Alexander*
Andrew Alexander
John Cipolla
**CALFEE, HALTER & GRISWOLD LLP**

Noam Kritzer
Ryan McPhee
**Bakos & Kritzer, LLP**