UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| URTHTECH LLC, | |
| Plaintiff, | CASE NO. 1:22-cv-06727-PKC |
| v. | Judge P. Kevin Castel |
| GOJO INDUSTRIES, INC., | Oral Argument Requested |
| Defendant. | |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................. 1
II. ARGUMENT ........................................................................................................................ 2
   A. UrthTech provides no legal support for its requests to determine inventorship or for "injunctive relief" ................................................................................................................. 2
   B. UrthTech fails to identify sufficient allegations to support its claims for breach of contract ........... 4
      1. UrthTech does not allege with any support that GOJO's Acid Wipe Patent Application is an "Improvement" ............................................................................................................... 4
      2. UrthTech does not allege with any support that it suffered damages from any purported breach related to GOJO's Spray Patent Application ................................................................ 4
   C. UrthTech's Opposition does not save its trade secret claims ........................................... 7
   D. UrthTech NDA breach claims are not plausible ............................................................... 9
   E. UrthTech's trade secret and NDA claims do not arise from or relate to the Licensing Agreement ................................................................................................................. 10
III. CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 807 (Fed. Cir. 2010) ...................... 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................................. 9

*Best Process Sols., Inc. v. Blue Phoenix Inashco USA, Inc.*, 569 F. Supp. 3d 702(N.D. Ohio 2021) 8, 9, 10

*Bravo v. MERSCORP, Inc.*, No. 12-CV-884, 2013 WL 1652325 (E.D.N.Y. Apr. 16, 2013) ...................... 6

*Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998) ............................................................ 3

*HIF Bio, Inc. v. Yung Shin Pharmaceuticals Indus. Co., Ltd.*, 600 F.3d 1347 (Fed. Cir. 2010) .................. 2

*Maxtech Consumer Products, Ltd. v. Robert Bosch Tool Corp.*, 255 F. Supp. 3d 833 (N.D. Ill. 2017) ....... 7

*Micrel Inc. v. Monolithic Power Systems, Inc.,* No. C 04-04770, 2005 WL 6426678 (N.D. Cal. Dec. 9, 2005) ................................................................................................................................................. 7

*Miller v. HSBC Bank U.S.A., N.A.*, No. 13 Civ. 7500, 2015 WL 585589 (S.D.N.Y. Feb. 11, 2015) ........... 6

*Murray Energy Holdings Company v. Mergermarket USA, Inc.*, 2:15-CV-2844, 2016 WL 3365422 (S.D. Ohio June 17, 2016) .......................................................................................................................... 8

*Opternative, Inc. v. Jand, Inc.*, No. 17 Civ. 6936, 2018 WL 3747171 (S.D.N.Y. Aug. 7, 2018) ................. 6

*Pei-Herng Hor v. Ching-Wu Chu*, 699 F.3d 1331 (Fed. Cir. 2012) ......................................................... 2, 5

*W.B. David & Co., Inc. v. DWA Communications, Inc.*, No. 02 Civ. 8479, 2004 WL 369147 (S.D.N.Y. 2004) .................................................................................................................................................. 6

*Wang v. Palo Alto Networks, Inc.,* C 121-05579, 2014 WL 1410346 (N.D. Cal. Apr. 11, 2014) ................ 7

*Weaver v. Houchin*, 467 Fed. Appx. 878 (Fed. Cir. 2012) .......................................................................... 3

*Yeda Research And Development Co. Ltd. v. Imclone Systems Inc.*, 443 F. Supp. 2d 570, 620 (S.D.N.Y. 2006) .................................................................................................................................................. 3

*Zirvi v. Flatley*, 433 F. Supp. 3d 448 (S.D.N.Y. 2020 (*aff'd*, 838 Fed. Appx. 582, 586 (2d Cir. 2020)) ...... 7

I.  **INTRODUCTION**

UrthTech's FAC has one common thread that ties all its allegations together: that GOJO allegedly based its two pending patent applications on UrthTech's inventions and trade secrets. But UrthTech cites to *nothing* in GOJO's pending patent applications that supports this assertion. Nothing in the written descriptions. Nothing in the pending claims. UrthTech's core allegation is simply not plausible without citations to GOJO's patent applications. UrthTech's claims to ownership rights, inventorship rights, breach of contract, trade secret misappropriation, and damages evaporate without linking GOJO's patent applications to UrthTech's purported inventions or trade secrets. UrthTech's only citations to GOJO's patent applications are two patent claims that were dropped from prosecution. UrthTech's failure to identify any of its proprietary information present in the pending applications concedes that they have nothing to do with each other. At the very least, without factual support, UrthTech's claims are simply not plausible and should be dismissed under Rule 12(b)(6).

Even setting aside this glaring, incurable defect, UrthTech's FAC fails for additional reasons. UrthTech requests relief for which no cause of action exists (correcting inventorship on a pending patent application), and its allegations of breach of the License Agreement, trade secret misappropriation, and breach of the NDA all fail to meet the pleading standard under Rule 12(b)(6). Moreover, UrthTech has not adequately pled personal jurisdiction or venue to support bringing its trade secret and NDA claims in this District. For the reasons stated below and the reasons identified in GOJO's Memorandum of Law, UrthTech's FAC should be dismissed.

1

II.   **ARGUMENT**

    A.   *UrthTech provides no legal support for its requests to determine inventorship or for "injunctive relief."*

No cause of action exists in U.S. District Court to correct inventorship on pending patent applications. *HIF Bio, Inc. v. Yung Shin Pharmaceuticals Indus. Co., Ltd.*, 600 F.3d 1347, 1354 (Fed. Cir. 2010). That is settled law. Such authority rests exclusively with the United States Patent and Trademark Office. *Id.* at 1353. Undeterred, UrthTech attempts sleight of hand in its Opposition, assuring this Court that it "does not seek a declaratory judgment of inventorship," yet in the very next sentence, asking this Court to order "GOJO to identify Dr. Awad as an inventor to the Patent Office." (Opp., p. 4, ECF No. 46.) UrthTech suggests that 35 U.S.C. § 116(c) provides a loophole because UrthTech's request would be laundered through GOJO: "GOJO may correct inventorship of its pending applications . . . as authorized under 35 U.S.C. § 116(c)." (Opp., p. 3.) But UrthTech cites no authority supporting this maneuver. None exists. Rather, the controlling Federal Circuit precedent holds that changing inventorship under § 116 "requires consent of all the parties" and is "not an available avenue for [omitted inventors] to correct their omitted inventorship while the applications . . . were pending before the PTO." *Pei-Herng Hor v. Ching-Wu Chu*, 699 F.3d 1331, 1335 (Fed. Cir. 2012). UrthTech's request for "injunctive relief ordering GOJO to name Dr. Awad as an inventor in its pending patent applications" (Opp., p. 2) should be dismissed for this reason alone—taking all facts in the FAC to be true, Plaintiff cannot be awarded the remedy it seeks.

    Even if this were not the case, UrthTech's allegations do not support correcting inventorship. UrthTech effectively concedes that Dr. Awad contributed nothing to the

conception of any *presently pending claim* in either GOJO patent application.[1] By Plaintiff's own assertions, there is nothing to correct. Inventorship is determined by who conceived of the *claimed* subject matter. *See Weaver v. Houchin*, 467 Fed. Appx. 878, 880 (Fed. Cir. 2012) ("To show co-inventorship . . . the alleged co-inventor must prove their contribution to the conception of the claims by clear and convincing evidence.") (*quoting Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998)). Even accepting UrthTech's allegations as true (*i.e.*, that Dr. Awad contributed to the conception of two claims that are not presently pending in GOJO's applications), GOJO could not add Dr. Awad as an inventor because his alleged contributions are not present in the pending claims. In fact, doing so would render the patent unenforceable and could even result in a finding of inequitable conduct.[2] *See Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 807, 830 (Fed. Cir. 2010) (finding patent unenforceable due to inequitable conduct where applicant falsely claimed to be inventor); *see also Yeda Research And Development Co. Ltd. v. Imclone Systems Inc.*, 443 F. Supp. 2d 570, 620 (S.D.N.Y. 2006) (finding named inventors were not actually inventors, in part because claims directed to their "contribution" were rejected several times and eventually dropped).

GOJO is not simply contesting that, as UrthTech puts it, "such injunctive relief is warranted." (Opp., p. 3.) GOJO is arguing that there is no legal basis for injunctive relief in this situation, even accepting UrthTech's allegations as true. Complaints like the FAC are exactly what Rule 12(b)(6) is designed to prevent. *See HIF*, 600 F.3d at 1354. UrthTech's correction of inventorship claim and its breach claims based on inventorship should be dismissed.

---

[1] Indeed, it would have been simple for Plaintiff to inform the Court of Dr. Awad's contributions to any pending claim of the patent application in its Opposition or its FAC. The failure to do so speaks volumes.

[2] In filing a patent application, the inventor must sign a declaration affirming under the penalty of fine or imprisonment that "I believe I am the original inventor or an original joint inventor of a *claimed* invention in the application." (Ex. A, Inventor Declaration (emphasis added).) Dr. Awad could not sign this declaration, since the claims he purportedly contributed to are no longer in the pending patent applications.

3

### B. *UrthTech fails to identify sufficient allegations to support its claims for breach of contract.*

1. UrthTech does not allege with any support that GOJO's Acid Wipe Patent Application is an "Improvement."

UrthTech does not allege that GOJO's Acid Wipe Patent Application is an improvement to any ***UrthTech-owned compound***. If the Acid Wipe Patent Application is not an "Improvement" under the license, GOJO did not have to give UrthTech notice of the patent application. (*See* FAC, Ex. A, definitions of "Licensed Technology" and "Improvement".) UrthTech responds that "an 'Improvement' is not limited to improvements that are basic formulations" and "there is no 'pH' (or acid/base) requirement in the contractual definition of Improvement." (Opp. at 6.) This misses GOJO's point. GOJO mentions the acidic pH of the formulation disclosed in the Acid Wipe Patent Application to distinguish it from the basic formulation disclosed in UrthTech's licensed patents. GOJO's Acid Wipe Patent Application is clearly not an improvement on *that* formulation—UrthTech does not deny this. (*See id.*, p. 6.) But UrthTech's FAC also fails to identify any non-basic UrthTech-owned compound that could be the basis of an "Improvement."[3] (*See* Brief, p. 11, ECF No. 45.) UrthTech's Opposition does not contest this point. UrthTech's FAC does not identify *any* UrthTech-owned compound (whatever the pH) that could be the basis for a purported "Improvement" in GOJO's Acid Wipe Patent Application, making UrthTech's claim implausible. It should thus be dismissed.

2. UrthTech does not allege with any support that it suffered damages from any purported breach related to GOJO's Spray Patent Application.

In its Opposition, UrthTech identifies two categories of damages purportedly alleged in its FAC: (1) "it would be irreparably harmed by GOJO obtaining patents that improperly omit naming Dr. Awad as an inventor (for which royalties would be due to UrthTech)," and (2) "that

---

[3] Again, it would have been simple for Plaintiff to identify any non-basic UrthTech-owned compound in its FAC or Opposition. That it failed to specify such a compound demonstrates the futility of its argument.

4

UrthTech will suffer damages of no less than $75,000." (Opp. p. 7.) These vague assertions are not sufficient to satisfy UrthTech's pleading requirements under Fed. R. Civ. P. 12(b).

First, any purported harm related to improper inventorship does not flow from UrthTech's allegations. For any harm to materialize from improperly omitting Dr. Awad as an inventor, a claim must issue for which Dr. Awad should be a named inventor. However, UrthTech did not identify any *pending claim* in either GOJO patent application for which Dr. Awad should be a named inventor. Moreover, UrthTech did not even cite to anything in the entire written descriptions of either patent application as being conceived by Dr. Awad. Even setting that aside, UrthTech's purported irreparable harm from Dr. Awad not being a named inventor certainly does not result from GOJO's alleged inadequate notice.

Second, any such harm is purely speculative and does not exist presently. UrthTech cannot know if Dr. Awad was "improperly omit[ted]" until a patent claim issues, and GOJO would only owe royalties to UrthTech for products that would be covered by a "Valid Claim" under the Licensing Agreement. (*See* FAC, Ex. A, definition of "Licensed Products".) A claim for correction of inventorship[4] (which is the exclusive cause of action directed to the relief UrthTech seeks) does not accrue until the patent issues. *Pei-Herng Hor*, 699 F.3d at 1335. UrthTech's claim for damages is thus not only implausible, but also cannot exist at this time. *Id.* ("Throughout the back-and-forth negotiation between the patentee and the PTO examiner, the original claims are routinely narrowed or even cancelled. Thus, in many cases, an omitted inventor may not know whether he or she has a cognizable inventorship claim until the

---

[4] UrthTech's gripe about the "substantial expense" of filing its own patent application and derivation action to challenge inventorship (Opp. pp. 6–7) is ironic, given that, rather than use this legally permissible avenue to challenge inventorship, UrthTech instead chose a legally unsupported and likely more expensive avenue through civil litigation.

5

examination concludes and the patent finally issues."). UrthTech's purported "irreparable harm" is undeniably premature and therefore cannot serve as a plausible basis for damages.

As to UrthTech's bare allegation that it "will suffer damages of no less than $75,000[,]" UrthTech's FAC fails to allege (1) how it calculated that it will suffer "no less than $75,000, and (2) how that harm could have resulted from GOJO's purported breach for the Spray Patent Application. This vague damages allegation is insufficient to meet the pleading standard. *Miller v. HSBC Bank U.S.A., N.A.*, No. 13 Civ. 7500, 2015 WL 585589, at *3 (S.D.N.Y. Feb. 11, 2015). UrthTech's attempt to distinguish *Miller v. HSBC Bank* and *Bravo v. MERSCORP, Inc.* miss the mark. (Opp. pp. 7–8.) In those cases, the breach of contract claims were dismissed because the plaintiff made similar unsupported claims for monetary damages. *Miller*, 2015 WL 585589, at *3; *Bravo v. MERSCORP, Inc.*, No. 12-CV-884, 2013 WL 1652325, at *6 (E.D.N.Y. Apr. 16, 2013). The fact that these cases were dismissed on additional, independent grounds does not make the courts' holdings regarding failure to plead damages any less decisive here.

UrthTech's cited cases do not condone unsupported, conclusory damages allegations, as UrthTech suggests. In *W.B. David & Co., Inc. v. DWA Communications, Inc.*, the defendants did not even contest and the court did not address the plaintiff's damages allegations. No. 02 Civ. 8479, 2004 WL 369147, at *3 (S.D.N.Y. 2004). What is more, the plaintiff in that case "unequivocally" alleged that it paid invoices for services the defendant did not perform. *Id.* By contrast, UrthTech's damages claim lacks any logical connection to its breach allegations.

The opinion in *Opternative, Inc. v. Jand, Inc.* is even less applicable. No. 17 Civ. 6936, 2018 WL 3747171, at *1 (S.D.N.Y. Aug. 7, 2018). There, the parties agreed in the "Remedies" clause of the contract at issue that "any breach or threatened breach of th[e] Agreement will cause not only financial harm . . . but also irreparable harm[.]" *Id.* Not so here. The parties'

6

Licensing Agreement is not nearly as definitive, simply stating that "a breach by the other party of this Agreement *may* cause the non-breaching party irreparable harm." (FAC, Ex. A, § 13.14 (emphasis added).) And it is silent about financial harm.

UrthTech has not pled any factual support to demonstrate how GOJO's alleged breach related the Spray Patent Application caused it any monetary damages or irreparable harm. Thus, its breach claim should be dismissed under Rule 12(b)(6).

### C. *UrthTech's Opposition does not save its trade secret claims.*

UrthTech's trade secret allegations, which it claims it first "discovered" in November despite years of notice, fail for a multitude of reasons. First, UrthTech's DTSA claim is time-barred. UrthTech disputes this, arguing that based on *Zirvi v. Flatley*, "there is no proper basis to dismiss UrthTech's DTSA claims on statute of limitation grounds." (Opp. p. 9.) The opposite is true. The *Zirvi* court unambiguously held that "[t]he existence of a patent application or a public patent puts parties on notice of their existence and therefore starts the clock on the limitations period." *Zirvi v. Flatley*, 433 F. Supp. 3d 448, 459 (S.D.N.Y. 2020 (*aff'd*, 838 Fed. Appx. 582, 586 (2d Cir. 2020)).[5] Courts in other districts have found the same. *See, e.g.*, *Wang v. Palo Alto Networks, Inc.*, C 121-05579, 2014 WL 1410346, at *6 (N.D. Cal. Apr. 11, 2014) (barring trade secret claim based on publication of patent application); *Micrel Inc. v. Monolithic Power Systems, Inc.*, No. C 04-04770, 2005 WL 6426678, at *6 (N.D. Cal. Dec. 9, 2005) (dismissing trade secret claim based on publication of patent); *Maxtech Consumer Products, Ltd. v. Robert Bosch Tool Corp.*, 255 F. Supp. 3d 833, 851 (N.D. Ill. 2017) (finding patent publication was constructive notice of trade secret claim because plaintiff "was actively developing its own [] product [and] regularly engaged in the patent prosecution for its other designs").

---

[5] The Second Circuit opinion affirming the district court said nothing to question that holding.

Second, UrthTech's FAC fails to adequately plead the existence of a trade secret. UrthTech claims that its allegation of the "FA" and "FB" formulations meet the pleading standard. Not so. The FAC states that UrthTech's basic formulations (which include FB) were the focus of its "patenting efforts" (FAC, ¶ 8)—indeed, UrthTech's '604 patent publicly discloses the FB components (FAC, Ex. C, 6:38, 6:46, 6:65, 7:46.) The FB formulation therefore cannot be a trade secret.[6] Moreover, UrthTech does not deny in its Opposition that it disclosed both the FA and FB formulations to third parties without any safeguards. (*See* FAC, ¶ 7.) UrthTech's other purported trade secrets in "information concerning basic and acidic antimicrobial agent formulations" (FAC, ¶ 60) fail to put GOJO on notice of what UrthTech is alleging. That "Dr. Awad participated in a series of telephone conferences and email exchanges" over a seven-year period does not clarify anything and does not "provide the type of factual allegations" referenced in *Best Process*[7] (cited by UrthTech) to move "general categories" into plausibly pled trade secrets. (Opp. p. 10.)

UrthTech maintains that simply having an NDA in place is a sufficient security measure. But even under Ohio law, which UrthTech relies on in its Opposition, the "mere existence of a confidentiality agreement does not, standing alone, support a trade secret claim for documents referred to in such an agreement." *Murray Energy Holdings Company v. Mergermarket USA, Inc.*, 2:15-CV-2844, 2016 WL 3365422 (S.D. Ohio June 17, 2016) (cleaned up).

Finally, UrthTech's Opposition does not cure its failure to allege how it derives any economic value from the secrecy any of its alleged trade secrets. Unlike here, the defendant in *Best Process* "agreed to pay a license fee in exchange for its exclusive use of [plaintiff's purported trade secrets]." 569 F. Supp. 3d 702, 714 (N.D. Ohio 2021). Here, GOJO did not pay

---

[6] UrthTech does not even reference the FB formulation by name in its trade secret cause of action. *See* FAC, ¶ 60.
[7] *Best Process Sols., Inc. v. Blue Phoenix Inashco USA, Inc.*, 569 F. Supp. 3d 702, 714 (N.D. Ohio 2021).

8

any royalties for access to trade secrets—rather, GOJO paid royalties for product sales covered by UrthTech's licensed patents. (FAC, Ex. 1, ¶ 4.2.) This is yet another reason to dismiss UrthTech's trade secret claims.

Third, UrthTech failed to adequately plead misappropriation. UrthTech's Opposition does not contest the fact that its FAC is missing necessary information about GOJO's alleged misappropriation. UrthTech's FAC does not identify *what* purported trade secret GOJO allegedly put in or used for the Acid Wipe Patent Application or *where* it is disclosed. (*See* Opp. pp. 11–12.) UrthTech cites *Best Process*, suggesting that conclusory allegations of misappropriation meet the pleading standard. But in *Best Process*, the plaintiff specified *what* purported trade secrets were misappropriated (vendor lists and technical information related to how a particular recycling equipment system functioned differently than a competitor's equipment) and *how* that information was misappropriated (by allegedly using that information to "accomplish the same results . . . using the [competitor equipment] and additional components from [plaintiff's] vendors). 569 F. Supp. at 706. This is a far cry from UrthTech's conclusory allegations, which fail to cite the *what* or the *how*. Accordingly, UrthTech's trade secret allegations fail to state a plausible claim and should be dismissed.

### D.  *UrthTech NDA breach claims are not plausible.*

Likewise, UrthTech fails to adequately plead breach of the parties' NDA agreement. UrthTech relies on *Best Process* to again suggest that conclusory allegations are sufficient. (Opp. p. 12.) That is not what *Best Process* held and is inconsistent with the pleading standards the Supreme Court set forth in *Iqbal* and *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.") In *Best Process*, the court cited several specific allegations of *what* confidential information was

9

used ("the 'internal structure' of the RecoverMax system and the names of its suppliers") and *how* the defendant improperly used it to "(1) contact and order parts from [the plaintiff's] suppler, and (2) use those parts as well as its knowledge of the internal components . . . to modify the [competitor] machine[.]" *Best Process*, 569 F. Supp. 3d at 709–10 (cleaned up). UrthTech, on the other hand, fails to explain *what* confidential information GOJO used or *where* and *how* it used it in connection with its patent applications. UrthTech's NDA claim should also be dismissed under Rule 12(b)(6).

E. ***UrthTech's trade secret and NDA claims do not arise from or relate to the Licensing Agreement.***

UrthTech's FAC fails to assert personal jurisdiction or proper venue in this District for its trade secret and NDA claims and accordingly should be dismissed. UrthTech now claims, for the first time in its Opposition, that personal jurisdiction and venue are proper because these claims are "arising out of or related to" the License Agreement. (Opp. p. 12.) This new allegation is not in UrthTech's FAC and it is not supported by the License Agreement. UrthTech's FAC thus does not make out a prima facie showing of jurisdiction for these causes of action, and these new allegations are simply incorrect—UrthTech's trade secret and NDA allegations do not rely on or reference any terms of the License Agreement. Both reasons are sufficient to dismiss UrthTech's claims. (*See* Brief, pp. 23–25.)

III.    **CONCLUSION**

UrthTech's FAC cobbles together a slew of vague, conclusory allegations to try to create the illusion that GOJO used UrthTech's proprietary information and inventions to apply for its own patents. But UrthTech's allegations fail to state the *what*, *how*, and the *where* to support its claims. This is precisely why Rule 12 exists. Because this is its second attempt at providing a Complaint, UrthTech's FAC should be dismissed with prejudice.

Dated:  February 17, 2023

Respectfully submitted,

  /s/ *Andrew W. Alexander*
Andrew W. Alexander (Admitted *Pro Hac Vice*)
John Cipolla (Admitted *Pro Hac Vice*)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: 216-622-8634
Fax:  216-241-0816
*aalexander@calfee.com*
*jcipolla@calfee.com*

Noam J. Kritzer
KRITZER MCPHEE LLP
23 Vreeland Road, Suite 104
Florham Park, New Jersey 07932
(973) 679-7272
*nkritzer@kmpatentlaw.com*

Ryan S. McPhee
KRITZER MCPHEE LLP
501 W. Broadway, Suite 800
San Diego, California 92101
(619) 758-3600
*rmcphee@kmpatentlaw.com*

Attorneys for Defendant GOJO Industries, Inc.

## CERTIFICATE OF SERVICE

      The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on February 17, 2023.

                                                             */s/ Andrew W. Alexander*
                                                             Andrew W. Alexander