**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| URTHTECH LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>GOJO INDUSTRIES, INC.,<br><br>                    Defendant. | CASE NO. 1:22-cv-06727-PKC<br><br>Judge P. Kevin Castel |

# DEFENDANT GOJO INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant GOJO Industries, Inc. ("GOJO"), by and through its attorneys, answers Plaintiff's Second Amended Complaint as follows. Anything not specifically admitted herein is denied.

## THE PARTIES

1. GOJO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and thus denies each and every one of them.

2. GOJO admits the allegations in paragraph 2.

3. GOJO admits that in 2009 GOJO entered into a confidential nondisclosure agreement with UrthTech. GOJO also admits that in 2015, GOJO entered into a technology licensing relationship with UrthTech, in which GOJO licensed certain patents from UrthTech. GOJO denies each and every remaining allegation in paragraph 3.

## JURISDICTION AND VENUE

4. GOJO admits that this Court has subject matter jurisdiction over this action.

5. GOJO admits that the quoted language in paragraph 5 appears in Exhibit A to the Second Amended Complaint. GOJO denies each and every remaining allegation in paragraph 5.

## FACTUAL ALLEGATIONS

6. GOJO denies that UrthTech took reasonable measures to maintain the confidentiality of all UrthTech trade secret information, including the compositions of UrthTech's antimicrobial and antifungal formulations. GOJO also specifically denies that UrthTech owns any trade secret information. GOJO lacks knowledge or information sufficient to form a belief about the truth of each and every remaining allegation in paragraph 6 and thus denies each of them.

7. GOJO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 and thus denies each and every one of them.

8. GOJO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and thus denies each and every one of them.

9. GOJO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 and thus denies each and every one of them.

10. GOJO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and thus denies each and every one of them.

11. GOJO denies each and every allegation of Paragraph 11.

12. GOJO admits that Exhibit C purports to be a copy of U.S. Patent No. 8,110,604 B2. GOJO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 and thus denies each and every one of them.

13. GOJO denies each and every allegation of paragraph 13.

14. GOJO admits that Exhibit D purports to be a copy of U.S. Patent No. 7,754,766 B2 ("the '766 patent") and that Exhibit E purports to be a copy of U.S. Patent No. 8,143,309 B2 ("the '309 patent"). GOJO denies each and every remaining allegation of paragraph 14.

15. GOJO admits that the language of Claim 9 of the '766 patent appears to be reproduced in paragraph 15. GOJO denies each and every remaining allegation in paragraph 15.

16. GOJO admits that the language of Claim 32 of the '309 patent appears to be reproduced in paragraph 16. GOJO denies each and every remaining allegation in paragraph 16.

17. GOJO denies each and every allegation of paragraph 17.

18. GOJO admits that on January 20, 2009, it entered into the agreement attached to the Second Amended Complaint as Exhibit F. GOJO denies each and every remaining allegation in paragraph 18.

19. GOJO denies each and every allegation in paragraph 19.

20. GOJO admits that the agreement attached as Exhibit F appears to contain the language quoted in paragraph 20. GOJO denies each and every remaining allegation in paragraph 20.

21. GOJO denies each and every allegation in paragraph 21.

22. GOJO denies each and every allegation in paragraph 22.

23. GOJO denies each and every allegation in paragraph 23.

24. GOJO denies each and every allegation in paragraph 24.

25. GOJO denies each and every allegation in paragraph 25.

26. GOJO admits the allegations in paragraph 26.

27. GOJO admits that on March 5, 2015, it entered into the agreements attached to the Second Amended Complaint as Exhibits A and H. GOJO admits that the agreement attached as

Exhibit A grants GOJO an exclusive license. GOJO denies each and every remaining allegation in paragraph 27.

28.     GOJO admits that it developed the Purell® Multi Surface Disinfectant spray product. GOJO admits that this product was named "Product of the Year" in the Home Cleaning Category in 2018. GOJO denies each and every remaining allegation in paragraph 28.

29.     GOJO admits that the agreement attached as Exhibit A appears to contain the language quoted in paragraph 29. GOJO denies each and every remaining allegation in paragraph 29.

30.     GOJO admits that the agreement attached as Exhibit A appears to contain the language quoted in paragraph 30. GOJO denies each and every remaining allegation in paragraph 30.

31.     GOJO admits that the agreement attached as Exhibit A appears to contain the language quoted in paragraph 31. GOJO denies each and every remaining allegation in paragraph 31.

32.     GOJO admits that the agreement attached as Exhibit A appears to contain the language quoted in paragraph 32. GOJO denies each and every remaining allegation in paragraph 32.

33.     GOJO denies each and every allegation in paragraph 33.

34.     GOJO admits that on September 15, 2017, it filed U.S. Provisional Patent Application No. 62/559,221, which listed Rachel Leslie, Dewain Garner, and James Bingham as inventors in the US Patent & Trademark Office. GOJO admits that on September 17, 2018, it filed U.S. Patent Application No. 16/132,696, which listed Rachel Leslie, Dewain Garner, James

Bingham, and Travis Neal as inventors in the US Patent & Trademark Office. GOJO denies each and every remaining allegation in paragraph 34.

35. GOJO denies each and every allegation in paragraph 35.

36. GOJO denies each and every allegation in paragraph 36.

37. GOJO denies each and every allegation in paragraph 37.

38. GOJO admits that U.S. Patent No. 11,678,662 (the "'662 Patent") granted on June 20, 2023, which includes claims 1–22. GOJO further admits that a copy of the '662 Patent appears to be attached as Exhibit T to the Second Amended Complaint. GOJO denies each and every remaining allegation in paragraph 38.

39. GOJO denies each and every allegation in paragraph 39.

40. GOJO denies each and every allegation in paragraph 40.

41. GOJO denies each and every allegation in paragraph 41.

42. GOJO denies each and every allegation in paragraph 42.

43. GOJO denies each and every allegation in paragraph 43.

44. GOJO denies each and every allegation in paragraph 44.

45. GOJO denies each and every allegation in paragraph 45.

46. GOJO denies each and every allegation in paragraph 46.

47. GOJO admits that on February 21, 2019, it filed U.S. Provisional Patent Application No. 62/808,484, which listed Dewain Garner, Marisa Macnaughtan, and James Bingham as inventors in the US Patent & Trademark Office. A copy of this application appears to be attached as Exhibit N to the Second Amended Complaint. GOJO denies each and every remaining allegation in paragraph 47.

48. GOJO admits that it filed a US Patent Application No. 16/796,990, which published on August 27, 2020, in the US Patent & Trademark Office and lists Dewain Garner, Marisa Macnaughtan, and James Bingham as inventors. GOJO denies each and every remaining allegation in paragraph 48.

49. GOJO denies each and every allegation in paragraph 49.

50. GOJO denies each and every allegation in paragraph 50.

51. GOJO admits that it sent Robert George a letter on March 16, 2020, and a copy of the letter appears to be attached as Exhibit P to the Second Amended Complaint. GOJO denies each and every remaining allegation in paragraph 51.

52. GOJO denies each and every allegation in paragraph 52.

53. GOJO admits that on April 30, 2020, GOJO filed a preliminary amendment to the claims of U.S. Patent Application No. 16/796,990. GOJO admits that on August 3, 2021, GOJO filed a preliminary amendment to the claims of U.S. Patent Application No. 16/796,990. GOJO denies each and every remaining allegation in paragraph 53.

## COUNT I
## BREACH OF CONTRACT (License Agreement)

54. GOJO re-alleges and incorporates by reference each and every response above as fully set forth herein.

55. GOJO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and thus denies each and every one of them.

56. GOJO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and thus denies each and every one of them.

57. GOJO denies each and every allegation in paragraph 57.

58. GOJO denies each and every allegation in paragraph 58.

59. GOJO denies each and every allegation in paragraph 59.

60. GOJO denies each and every allegation in paragraph 60.

## COUNT II
## BREACH OF CONTRACT (NDA)

61. GOJO re-alleges and incorporates by reference each and every response above as fully set forth herein.

62. GOJO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 and thus denies each and every one of them.

63. GOJO lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and thus denies each and every one of them.

64. GOJO denies each and every allegation in paragraph 64.

65. GOJO denies each and every allegation in paragraph 65.

## COUNT III
## TRADE SECRET MISAPPROPRIATION (DTSA)

66. GOJO re-alleges and incorporates by reference each and every response above as fully set forth herein.

67. GOJO denies each and every allegation in paragraph 67.

68. GOJO denies each and every allegation in paragraph 68.

69. GOJO denies each and every allegation in paragraph 69.

70. GOJO denies each and every allegation in paragraph 70.

71. GOJO denies each and every allegation in paragraph 71.

72. GOJO denies each and every allegation in paragraph 72.

73. GOJO denies each and every allegation in paragraph 73.

74. GOJO denies each and every allegation in paragraph 74.

75. GOJO denies each and every allegation in paragraph 75.

## COUNT IV
## TRADE SECRET MISAPPROPRIATION (OUTSA)

76. GOJO re-alleges and incorporates by reference each and every response above as fully set forth herein.

77. GOJO denies each and every allegation in paragraph 77.

78. GOJO denies each and every allegation in paragraph 78.

79. GOJO denies each and every allegation in paragraph 79.

80. GOJO denies each and every allegation in paragraph 80.

81. GOJO denies each and every allegation in paragraph 81.

82. GOJO denies each and every allegation in paragraph 82.

83. GOJO denies each and every allegation in paragraph 83.

84. GOJO denies each and every allegation in paragraph 84.

## COUNT V
## CORRECTION OF INVENTORSHIP (35 U.S.C. § 256)

85. GOJO re-alleges and incorporates by reference each and every response above as fully set forth herein.

86. GOJO denies each and every allegation in paragraph 86.

87. GOJO denies each and every allegation in paragraph 87.

88. GOJO denies each and every allegation in paragraph 88.

## PRAYER FOR RELIEF

89. GOJO denies that UrthTech is entitled to any of the relief requested in its Prayer for Relief against GOJO.

## AFFIRMATIVE DEFENSES

90. UrthTech has failed to state a claim upon which relief may be granted.

91. UrthTech's Complaint is barred by the doctrines of waiver, estoppel, unclean hands, laches, or release.

92. UrthTech's Complaint is barred by its failure to mitigate its damages.

93. UrthTech's Complaint is barred by the statute of limitations.

94. UrthTech's trade secret causes of action are barred because GOJO independently developed all of its own technology including without limitation UrthTech's purported trade secrets.

95. UrthTech's trade secret causes of action are barred because any purported trade secrets alleged by UrthTech were readily known to and ascertainable by the public.

96. UrthTech's trade secret causes of action are barred because it failed to maintain adequate safeguards to maintain the trade secrets as secret. Urthtech disclosed any purported trade secret materials it is alleging to the public without any restriction.

97. UrthTech's trade secret causes of action are barred because it has failed to identify and describe UrthTech's alleged trade secrets. UrthTech cannot articulate what its "trade secrets" actually are.

98. UrthTech's trade secret causes of action are barred because there are no facts demonstrating that UrthTech disclosed anything that it alleges to be a trade secret to GOJO.

99. UrthTech failed to invent anything described or claimed in the '662 Patent. The named inventors of the '662 patent are the only true and correct inventors of the '662 Patent. Dr. Awad did not contribute any conception or anything else to the '662 Patent. The '662 Patent and its claimed inventions were conceived by the true and correct named inventors without any input, contribution, or collaboration from Dr. Awad whatsoever.

## GOJO PRAYER FOR RELIEF

GOJO requests that the Court enter judgment against UrthTech on all counts. GOJO also requests that the Court find this case exceptional under 35 U.S.C. § 285 and award GOJO its attorneys' fees. GOJO also requests that the Court find that UrthTech brought its trade secret misappropriation causes of action in bad faith and award GOJO its attorneys' fees under 18 U.S.C. § 1836 and the Ohio Uniform Trade Secrets Act ("OUTSA").

Dated:  December 1, 2023                    Respectfully submitted,

*/s/ Andrew W. Alexander*
John Cipolla (Admitted *Pro Hac Vice*)
Andrew W. Alexander (Admitted *Pro Hac Vice*)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: 216-622-8634
Fax:  216-241-0816
*jcipolla@calfee.com*
*aalexander@calfee.com*

Noam J. Kritzer
KRITZER MCPHEE LLP
256 Columbia Turnpike
Edison Suite, Unit 204
Florham Park, New Jersey 07932
(973) 679-7272
*nkritzer@kmpatentlaw.com*

Ryan S. McPhee
KRITZER MCPHEE LLP
501 W. Broadway, Suite 800
San Diego, California 92101
(619) 758-3600
*rmcphee@kmpatentlaw.com*

Attorneys for Defendant GOJO Industries, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on December 1, 2023.

                                            */s/ Andrew W. Alexander*
                                            Andrew W. Alexander