UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| URTHTECH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:22-cv-06727-PKC |
| v. | ) |
| | ) |
| GOJO INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

## JOINT STIPULATED PROTECTIVE ORDER

The parties to this Protective Order have agreed to the terms of this Order; accordingly, the Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1):

1.  <u>Findings:</u> The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2.  <u>Definitions:</u>

    a.  "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

    b.  "Confidential" information is information concerning a person's business operations, processes, and/or technical and development information within the scope of Fed. R. Civ. P. 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position,

1

or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

  c. "Attorneys' Eyes Only" information is information within the scope of Rule 26(c)(1)(G) that is business or technical information, trade secrets and/or plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

  d. Information is not Confidential or Attorneys' Eyes Only if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Attorneys' Eyes Only if a person lawfully obtained it independently of this litigation.

  3. <u>Designation of information as Confidential or Attorneys' Eyes Only</u>:

  a. A person's designation of information as Confidential or Attorneys' Eyes Only means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

  b. A person designates information in a document or thing as Confidential or Attorneys' Eyes Only by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." A producer may make documents or things containing Confidential or Attorneys' Eyes Only information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the producer causes copies of the documents or things to be marked as Confidential or Attorneys' Eyes Only before providing them to the recipient.

  c. A person designates information in deposition testimony as Confidential or Attorneys' Eyes Only by stating on the record at the deposition that the information is Confidential or Attorneys' Eyes Only. The parties agree that if such designation is made during the deposition, the deposition testimony and exhibits shall temporarily be designated Confidential or Attorneys' Eyes Only under this Order pending receipt and review of the transcript. The parties shall review the transcript within thirty (30) days of the receipt thereof and specifically designate the testimony and exhibits to be protected pursuant to the terms of this Order. Thereafter only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

  d. A person's failure to designate a document, thing, or testimony as Confidential or Attorneys' Eyes Only does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

  e. A person who has designated information as Confidential or Attorneys' Eyes Only may withdraw the designation by written notification to all parties in the case.

  f. If a party disputes a producer's designation of information as Confidential or Attorneys' Eyes Only, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen-day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential or Attorneys' Eyes Only. The information shall

remain subject to the producer's Confidential or Attorneys' Eyes Only designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential or Attorneys' Eyes Only is not an admission that the information was properly designated as such.

4. <u>Use and disclosure of Confidential or Attorneys' Eyes Only information:</u>

a. Confidential and Attorneys' Eyes Only information may be used exclusively for purposes of this litigation, subject to the restrictions of this order.

b. Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel of record and their law firms, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only, including electronic discovery vendors; and (vi) the Court and personnel assisting the Court.

c. Absent written permission from the producer or further order by the Court, the recipient may not disclose Attorneys' Eyes Only information to any person other than those identified in paragraph 4(b)( i), (ii), (iv), (v), and (vi), or (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

d. A party may not disclose Confidential or Attorneys' Eyes Only information to an expert or consultant pursuant to paragraph 4(b) or 4(d) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order.

e. A party who wishes to disclose Confidential or Attorneys' Eyes Only information to a person not authorized under paragraphs 4(b)–(d) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

f. If a recipient of Confidential or Attorneys' Eyes Only information receives compulsory process (*e.g.*, subpoena) commanding production of documents, ESI, or things containing a producer's Confidential or Attorneys' Eyes Only information, the recipient must promptly notify the producer, in addition to following the other provisions of this section.

5. <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502. This Protective Order is intended to be an Order within the meaning of Fed. R. Evid. 502(d) and 502(e). The inadvertent, unintentional disclosure of material or information subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity shall not be a waiver, in whole or in part of the relevant privilege or immunity. Within a reasonable time after the discovery of the inadvertent production, the producing party shall notify the receiving party, in writing, that it inadvertently produced documents, testimony, information, or things that are protected from disclosure under the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. The receiving party shall then:

- Return or destroy all copies of such documents, testimony, information, or things to the producing party within three (3) business days of receipt of such notice;

- Destroy all notes or other work product reflecting the content of such material and delete or sequester such material from any litigation support or other database within three (3) business days of receipt of such notice; and

- Not further use such items for any purpose unless and until further order of the Court. The return of any discovery item to the producing party shall not in any way preclude the receiving party from seeking a Court Order after conferring with the producing party for a ruling that: (i) the document or thing is not protected by the attorney-client privilege, the common-interest privilege, the work product immunity, or any other immunity, or (ii) any applicable privilege or immunity has been waived other than by the inadvertent production of such material.

6. <u>Filing with the Court</u>

a. This protective order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of court. A party wishing to file under seal a document containing Confidential or Attorneys' Eyes Only information must move the Court, consistent with Judge Castel's Individual Practices in Civil Cases § 5.

7. Pursuant to Judge Castel's Individual Practices in Civil Cases § 4:

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d

Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

        8.        Pursuant to Judge Castel's Individual Practices in Civil Cases § 5(A):

**Sealing/Redactions Not Requiring Court Approval**: Rule 5.2, Fed. R. Civ. P., describes sensitive information that must be redacted from public court filings and such redactions shall be made without seeking prior permission from the Court.

        9.        Pursuant to Judge Castel's Individual Practices in Civil Cases § 5(B):

**Sealing/Redaction Requiring Court Approval:** Motions or Letter Motions for approval of sealed or redacted filings in civil and miscellaneous cases and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the Court's Standing Order, 19-mc-00583, and ECF Rules & Instructions, section 6. Specifically, the following procedures must be followed:

        i.        The motion must be filed in public view, must explain the particular reasons for seeking to file that information under seal and should not include confidential information sought to be filed under seal. Supporting papers must be separately filed

Case 1:22-cv-06727-PKC  Document 231  Filed 05/21/24  Page 7 of 12

electronically and may be filed under seal or redacted only to the extent necessary to safeguard information sought to be filed under seal.

      ii.      The proposed sealed document must be contemporaneously filed under seal in the ECF system and electronically related to the motion. The summary docket text, but not the sealed document, will be open to public inspection and should not include confidential information sought to be filed under seal.

      iii.      Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (a) publicly file the document with the proposed redactions, and (b) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted. Both documents must be electronically filed through the ECF system and related to the motion.

      iv.      Any party unable to comply with the requirement for electronic filing under seal through the ECF system, or who has reason to believe that a particular document should not be electronically filed, must move for leave of the Court to file in the traditional manner, on paper.

10.    <u>Document Disposal</u>: Upon the conclusion of this case, each party must return to the producer all documents and copies of documents containing the producer's Confidential or Attorneys' Eyes Only information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing confidential or Attorneys' Eyes Only information. Alternatively, if the producer agrees, or if return is not feasible (*e.g.*, for certain ESI), the party may destroy all documents and copies of documents containing the producer's Confidential or Attorneys' Eyes Only information, except for copies retained in a document or email archive or backup system. The party returning and/or destroying the producer's Confidential and Attorneys'

Eyes Only information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

11. <u>Originals</u>: A legible photocopy of a document may be used as the "original" for all purposes in this action. The <u>actual</u> "original," in whatever form the producing party has it, must be made available to any other party within ten days after a written request.

12. <u>Survival of obligations:</u> This order's obligations regarding Confidential and Attorneys' Eyes Only information survive the conclusion of this case.

Date: May 17, 2024

By: <u>/s/ Michael R. Weiner</u>
    Mark H. Izraelewicz (Pro Hac Vice)
    Michael R. Weiner (Pro Hac Vice)
    Kelley S. Gordon (Pro Hac Vice)
    Daniel Gonzalez Jr. (Pro Hac Vice)
    Izabella Higson (Pro Hac Vice)
    MARSHALL, GERSTEIN & BORUN LLP
    233 S. Wacker Drive,
    6300 Willis Tower
    Chicago, Illinois 60606
    T: 312.474.6300
    E: mizraelewicz@marshallip.com
    E: mweiner@marshallip.com
    E: kgordon@marshallip.com
    E: dgonzalez@marshallip.com
    E: ihigson@marshallip.com

    Marc J. Rachman
    DAVIS & GILBERT LLP
    1675 Broadway
    New York, NY 10019 T:
    212.468.4800
    E: mrachman@dglaw.com

Respectfully submitted,

By: <u>/s/ Andrew W. Alexander</u>
    John Cipolla (Admitted Pro Hac Vice)
    Andrew W. Alexander (Admitted Pro Hac Vice)
    CALFEE, HALTER & GRISWOLD LLP
    The Calfee Building
    1405 East Sixth Street
    Cleveland, Ohio 44114-1607
    Telephone: 216-622-8634
    Fax: 216-241-0816
    jcipolla@calfee.com
    aalexander@calfee.com

    Noam J. Kritzer
    KRITZER MCPHEE LLP
    256 Columbia Turnpike
    Edison Suite, Unit 204
    Florham Park, New Jersey 07932
    (973) 679-7272
    nkritzer@kmpatentlaw.com

    Ryan S. McPhee
    KRITZER MCPHEE LLP
    501 W. Broadway, Suite 800
    San Diego, California 92101

*Counsel for Plaintiff*
*UrthTech LLC*

(619) 758-3600
rmcphee@kmpatentlaw.com

*Attorneys for Defendant*
*GOJO Industries, Inc.*

**SO ORDERED**.

Dated: 5/21/2024

By: _____
Honorable P. Kevin Casel
United States District Judge

10

# APPENDIX 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| URTHTECH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:22-cv-06727-PKC |
| v. | ) |
| | ) |
| GOJO INDUSTRIES, INC., | ) |
| | ) |
| Defendant. | ) |

## UNDERTAKING OF [*NAME*]

I, *[insert person's name],* state the following under penalty of perjury under the laws of the United States of America that the forgoing is true and correct. I have been retained by *[insert party's name]* as an expert or consultant in connection with this case. I will be receiving Confidential [and Attorneys' Eyes Only] information that is covered by the Court's protective order dated *[fill in date].* I have read the Court's protective order and understand that the Confidential [and Attorneys' Eyes Only] information is provided pursuant to the terms and conditions in that order. I agree to be bound by the Court's protective order. I agree to use the Confidential [and Attorneys' Eyes Only] information solely for purposes of this case. I understand that neither the Confidential [and Attorneys' Eyes Only] information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order or outside the scope of disclosure set forth in Section 4. I agree to return the Confidential [and Attorneys' Eyes Only] information and any notes concerning that information to the attorney for *[insert name of retaining party]* or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the protective order for the purpose of enforcing that order. I give up any objections I might have to the Court's jurisdiction over me or to the propriety of venue in that Court.

_____
(Signature)