UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| URTHTECH LLC, | |
| Plaintiff, | **OPINION ON REQUESTS FOR ADMISSION** |
| -against- | 1:22-CV-6727 (PKC)(KHP) |
| GOJO INDUSTRIES, INC., | |
| Defendant. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/7/2024

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

This case involves allegations of breach of contract, trade secret misappropriation and correction of inventorship on a patent for antimicrobial/antifungal cleaning products. UrthTech argues, among other things, that portions of GOJO's patent publications disclose UrthTech trade secrets, including complex chemical compositions or portions thereof. During discovery, UrthTech identified hundreds of paragraphs in GOJO's patent publications and multiple formulas, compositions and test results.

On August 26, 2024, GOJO served 389 Requests for Admission ("RFAs"). UrthTech argues that the RFAs are not designed to narrow or limit the issues for trial and are unduly burdensome and not proportional to the needs of the case. GOJO argues that the RFAs should be undisputed and are designed to streamline issues for trial. It explains that a large portion of the RFAs are simply seeking to confirm that its publications do not disclose the formulations and descriptions UrthTech claims are trade secrets.

By way of example, GOJO served 18 RFAs asking UrthTech to admit that the GOJO publications do not disclose any of the seven "stock solutions" or four resulting formulations

1

that UrthTech described as its Trade Secret #3. These RFAs address each stock solution and formulation identified by UrthTech and ask UrthTech to admit the publications supposedly containing Trade Secret #3 do not actually disclose them. Another 6 RFAs seek admissions that formulations disclosed in an email that supposedly contained Trade Secret #4 actually were disclosed in UrthTech's public patents.

The Court held a conference with the parties to better understand the necessity of the RFAs and the extent to which they would truly narrow issues for trial. At the end of the conference, the Court asked the parties to meet and confer to see whether there were stipulations they could enter into that would obviate the need for some of the RFAs and whether some of the RFAs could be eliminated.

Pursuant to the Court's direction, GOJO proposed a revised set of 244 RFAs along with 16 proposed stipulations. UrthTech rejected GOJO's proposal on the grounds that it was still too burdensome to respond to 244 RFAs and asked GOJO to cut the number to 50 RFAs. GOJO offered to discuss specific RFAs or categories of RFAs, but ultimately, the parties did not reach any agreement.

Examples of RFAs in the revised set are:

- U.S. Pat. Publication No. 2004/0213750 is disclosed in the background of the UrthTech Patents.
- Compositions containing ethanol and an amount of a pH adjusting agent such that the pH of the composition is from about 7.0 to about 13.0 were publicly disclosed since at least October 28, 2004.
- Lauric acid is a fatty acid derivative.
- Glycerol monolaurate is a lauric-acid-derived surfactant.
- UrthTech does not presently offer any products for sale that use Trade Secrets 1-6.
- Before 2019, UrthTech did not provide any documents to GOJO that reference undesirable residues of acidic formulations.

- Processes for making acidic antimicrobial formulations from stock solutions were publicly known before 2019.

The proposed stipulations concern the existence of certain laboratory notebooks and basic facts about three patents such as publication date and certain chemical compositions disclosed in them.

## DISCUSSION

Rule 36 is designed to "ascertain whether the answering party is prepared to admit or regards the matter as presenting a genuine issue for trial." Fed. R. Civ. P. 36 Advisory Committee Notes to 1970 Amendment. Thus, they are not designed to discover information like other discovery rules such as Rule 34. Rather, "admissions function very much as pleadings do," and facilitate trial preparation in the same way a stipulated fact would. *Id.* Courts have found RFAs to be improper when served to elicit facts and information rather than to confirm information so as to eliminate the need for proofs at trial. *See Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (quoting 7 Moore's Fed. Practice § 36.02(1) (3d ed. 2013)); *Dubin v. E.F. Hutton Grp.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989). In other words, RFAs are not a substitute for other discovery methods such as document requests, interrogatories and depositions. *See BAT LLC v. TD Bank N.A.*, 15-cv-5839 (RRM) (CLP), 2018 WL 3626428, at *5 (E.D.N.Y. July 20, 2018).

Although Rule 36 does not affirmatively limit the number of RFAs that a party may issue in a case, Courts sometimes limit them based on proportionality and burdensomeness. *See Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386VSBKHP, 2021 WL 735241, at *1 (S.D.N.Y. Feb. 25, 2021). On the other hand, depending on the complexity of the case at issue, courts have allowed large numbers of RFAs. *Compare Layne Christensen Co. v. Purolite Co.*, 09-

3

cv-2381, 2011 WL 381611, at *1 (D. Kan. Jan. 25, 2011) (allowing 297 RFAs to one plaintiff and 329 to a different plaintiff in patent infringement case involving 15 claims as well as a claim for breach of a licensing agreement) *with Glass Egg Digital Media v. Gameloft, Inc.*, 17-cv-4165, 2019 WL 5720731, at *1 (N.D. Cal. Nov. 5, 2019) (disallowing 328 RFAs in copyright and unfair competition case, finding that number to be unduly burdensome and oppressive given that the case was "relatively straightforward" but allowing 50 RFAs instead).

Here, the Court agrees that this case falls on the more complex side and involves detailed chemical formulations. GOJO has explained that a core issue in this case will be explaining what about the alleged trade secrets and chemical formulations was already known in the public before they were shared with GOJO. While the Court appreciates that it might take a long time to respond to the revised set of 244 RFAs, they do appear to be consistent with the purpose of RFAs – confirming known facts. They also appear to relate to specific trade secrets and designed to narrow issues.

## CONCLUSION

Accordingly, for the reasons discussed above, UrthTech shall provide a response to the narrowed set of RFAs. However, in light of the volume, UrthTech may have until December 31, 2024 to respond.

**SO ORDERED.**

Dated: November 7, 2024
New York, New York

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge

4