

aalexander@calfee.com
**216.622.8634 Direct**

December 23, 2024

*By ECF*

Magistrate Judge Katharine H. Parker
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

**Calfee, Halter & Griswold LLP**
Attorneys at Law

The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
216.622.8200 **Phone**
Calfee.com

      Re:    Case 1:22-cv-06727-PKC *UrthTech LLC et. al v. GOJO Industries, Inc.*—
                Letter Opposition to UrthTech Letter Motion (Dkt. #114)

Dear Judge Parker:

Defendant GOJO Industries Inc, respectfully submits this letter in opposition to UrthTech LLC's letter motion to compel Defendant GOJO Industries Inc. ("GOJO") to answer UrthTech's Interrogatories Nos. 10–12, served on November 6, 2024 (Dkt. #114).

UrthTech served its Second Set of Interrogatories on November 6, 2024, over two months after the deadline set by the Court. This is untimely and UrthTech's Motion should be denied. Judge Castel adopted the Parties own proposed schedule when he issued his Civil Case Management Plan and Scheduling Order, dated February 28, 2024 (Dkt. 70). That Order set forth separate and distinct discovery deadlines for the close of fact discovery and for serving written discovery, including, *inter alia*, an August 26, 2024 deadline to serve interrogatories. At no time thereafter did the parties ask to extend the deadlines to serve written discovery.

> 5.    All <u>fact</u> discovery shall be completed no later than <u>September 26, 2024</u>.
>
> 6.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines (use exact dates) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:
>
>     a.    Initial requests for production of documents to be served by: <u>May 1, 2024</u>.
>
>     b.    Interrogatories to be served by: <u>August 26, 2024</u>.
>
>     c.    Depositions to be completed by: <u>September 26, 2024</u>.
>
>     d.    Requests to Admit to be served no later than: <u>August 26, 2024</u>.

GOJO complied with the Court's Order and served all its interrogatories on or before August 26. UrthTech served its First Set of Interrogatories on July 19, 2024, and then let the deadline pass. UrthTech never mentioned extending the deadline to serve interrogatories before then. It had ample opportunities to do so. During the case management conference ("CMC"), your Honor asked how the Parties would be able to complete depositions before the September 26 deadline and UrthTech counsel mentioned the Parties would need to extend the *fact discovery* deadline, but did not mention extending the deadline for interrogatories. *See* transcript of August 16 CMC Transcript, 30:15–33:5. The deadline to serve interrogatories was eight days away at that hearing, yet UrthTech made no mention of extending that deadline. The parties then met and conferred with, again, no mention of extending the deadlines for written discovery. On August 30, 2024, the parties submitted a proposed revised discovery schedule (Dkt. 92) for a specific subset of the deadlines, which did not include extending the deadlines for written discovery. (Compare Dkt. 70 with Dkt. 92.).

UrthTech's "understanding" that the subsequent fact discovery deadlines *assumed* extensions for serving written discovery is unreasonable. The initial Case Management Order included specific deadlines for interrogatories that were in no way dependent on the separate fact discovery deadline, which UrthTech suggests. Indeed, UrthTech should have known that GOJO believed the August 26 deadline applied, as it served its Interrogatories 22–25 on that date.

Further, UrthTech's argument that the interrogatory deadline must be "later in the fact discovery period" due to Local Rule 33.3 misreads the rule and ignores the fact that substantial discovery had been completed by August 26. By the deadline, the parties had produced almost 10,000 documents, GOJO had responded to UrthTech's first set of interrogatories and UrthTech had responded to, and supplemented its responses to, GOJO's first set of interrogatories. UrthTech's argument also ignores that before the deadline, the Court informed the parties that the discovery process was far enough along for the parties to be required to answer contention interrogatories. *See* transcript (Dkt. 85) pg. 8:20–9:3. UrthTech had plenty of time to serve its interrogatories by the deadline.

Allowing UrthTech to serve additional interrogatory requests at this late date after the deadline puts the parties on an uneven playing field. UrthTech is seeking the benefit from propounding interrogatories with additional time and information while not affording GOJO the same benefit. Moreover, UrthTech is not prejudiced by the denial of its motion, as it can ask questions in depositions. Because UrthTech's interrogatories were not timely served, GOJO should not be required to answer them.

Sincerely,

/s/ *Andrew Alexander*
John Cipolla
Andrew Alexander
Nicholas Zalany
Ryan Miller
**CALFEE, HALTER & GRISWOLD LLP**
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
(216) 622-8634
jcipolla@calfee.com
aalexander@calfee.com
nzalany@calfee.com
rmmiller@calfee.com

Noam Kritzer
**Kritzer McPhee LLP**
256 Columbia Turnpike
Edison Suite, Unit 204
Florham Park, New Jersey 07932
(973) 679-7272
nkritzer@kmpatentlaw.com

Ryan McPhee
**Kritzer McPhee LLP**
501 W. Broadway, Suite 800
San Diego, California 92101
(619) 758-3600
rmcphee@kmpatentlaw.com