UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

URTHTECH LLC,

                         Plaintiff,

        -against-

GOJO INDUSTRIES, INC.,

                         Defendant.

**OPINION AND ORDER
ON MOTION TO COMPEL**

1:22-CV-6727 (PKC)(KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

Defendant GOJO Industries, Inc. ("GOJO") filed a letter motion to compel production of certain communications withheld by Plaintiff UrthTech LLC ("UrthTech") on the grounds of attorney-client privilege. (ECF No. 137) The motion was unopposed. For the reasons below, the motion is granted.

### DISCUSSION

UrthTech withheld communications involving Rodney, Scott, and Blake George purportedly on the ground of privilege. However, the communications involved do not concern any request for or conveyance of legal advice. Further, none of the individuals whose communications are at issue are lawyers.

The attorney-client privilege protects communications between client and counsel made for the purpose of obtaining or providing legal advice that were intended to be and in fact kept confidential. *In re County of Erie*, 473 F.3d 413, 418-419 (2d Cir. 2007); *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996). The privilege can apply to communications among non-lawyer employees of a corporation where the purpose of the communication was to provide information to counsel or aid counsel in providing legal advice.

1

*Upjohn Co.*, 449 U.S. at 394; *People's United Bank v. PeoplesBank*, No. 08-cv-1858 (PCD), 2009 WL 10689492, at *2 (D. Conn. Dec. 28, 2009); *see also Cuno, Inc. v. Pall Corp.,* 121 F.R.D. 198, 203 (E.D.N.Y. 1988) (attorney-client privilege protects the giving of information from an employee to a superior for transmission to lawyer if made for the purpose of securing legal advice, requested by corporate superior, provided within the scope of the employees' corporate duties and confidentiality maintained).  The privilege is narrowly construed, however, because it renders relevant information undiscoverable.  *Fisher v. United States*, 425 U.S. 391, 403 (1976); *In re County of Erie*, 473 F.3d at 418.  Generally, attorney-client privilege is waived "if the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication over which the privilege is claimed."  *Fullerton v. Prudential Ins. Co.*, 194 F.R.D. 100, 102 (S.D.N.Y. 2000) (quoting *United States v. Int'l Bhd. of Teamsters,* 961 F. Supp. 665, 673 (S.D.N.Y. 1997) ); *see also Gruss v. Zwirn*, No. 09-cv-6441 (PGG) (MHD), 2013 WL 3481350, at *11 (S.D.N.Y. July 10, 2013) (citing *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993) ); *In re Visa Check/MasterMoney Antitrust Litig.*, 190 F.R.D. 309, 314 (E.D.N.Y. 2000).

UrthTech has conceded that the communications at issue were made to Rodney, Scott, and Blake George in their roles as corporate decisionmakers of George Holdings LLC.  Further, when deposed, Blake George confirmed that he is not an employee of UrthTech or George Holdings LLC and has no role in any legal matters affecting UrthTech.  Rodney George similarly testified in his deposition that he is not employed by UrthTech and has no involvement in the instant action.  His role was limited to making loans from an entity called George Holdings LLC to UrthTech.  In sum, to the extent UrthTech shared any attorney-client communications with

any of the Georges, the privilege was waived. (ECF No. 91; *UrthTech LLC v. Gojo Indus.*, No. 1:22-CV-6727 (PKC)(KHP), 2024 U.S. Dist. LEXIS 152798, at *12 (S.D.N.Y. Aug. 26, 2024)).

Having failed to submit any opposition to the motion, UrthTech has failed to meet its burden to demonstrate the documents are privileged and that there has been no waiver. *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224-25 (2d Cir. 1984) (the party withholding a document based on privilege bears the burden to demonstrate applicability of privilege).

## **CONCLUSION**

For the reasons set forth above, the motion to compel at ECF No. 137 is GRANTED. UrthTech shall produce the challenged documents by August 29, 2025.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 137.**

**SO ORDERED.**

Dated: August 8, 2025
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

3