

**Calfee, Halter & Griswold LLP**
Attorneys at Law

The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
216.622.8200 **Phone**

aalexander@calfee.com
216.622.8634 **Direct**

August 8, 2025

*By ECF*

Honorable P. Kevin Castel, U.S.D.J.
United States District Court for the
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

> Application to file under seal with a redacted copy on the public docket is provisionally granted.
> Letter motion at ECF 164 should be terminated.
> SO ORDERED.
> Dated: 8/8/25
> *[signature]*
> P. Kevin Castel
> United States District Judge

Re: ***UrthTech LLC et. al v. GOJO Industries, Inc***
**Case 1:22-cv-06727-PKC**

Dear Judge Castel:

  Our firm, along with Kritzer McPhee LLP, represent Defendant GOJO Industries, Inc. in the above-referenced action. Pursuant to the Order issued on July 31, 2025 (Dkt. No. 161), Rule 5.B of Your Honor's Individual Rules of Practice, the parties' Joint Stipulated Protective Order (Dkt. No. 73), and the applicable law, GOJO hereby renews its request for permission to file certain documents under seal in connection with GOJO's Memorandum of Law In Opposition to Aziz Awad's Motion to Intervene filed on July 28, 2025 (the "Opposition").

  In view of the standard set forth in *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006), this request is limited to sealing and maintaining redactions of only certain higher value information and documents, specifically Exhibits D and E to the Opposition and portions of the Opposition discussing the same, including disclosures that identify certain dollar amounts reflecting monies paid pursuant to agreements between GOJO and UrthTech.

  GOJO has conferred with counsel for UrthTech and UrthTech does not intend to maintain confidentiality for any of its disclosed information, and those redactions have thus been removed.[1]

  "Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006). Indeed, "the presumption of public access can be overcome when the disclosure of information would reveal trade secrets, confidential business strategy,

---

[1] UrthTech's counsel consented on July 31, 2025, to providing all UrthTech materials to Dr. Awad, so GOJO provided on the same day to Dr. Awad all previously sealed exhibits and an unredacted copy of the Opposition to Dr. Awad except for a redaction of a discussion of Exhibit E, which was also withheld from him. Dr. Awad was also only provided a redacted version of Exhibit D.

1

financials, and other sensitive information that could place a party at a competitive disadvantage." *Sterling Select II Advisory LLC v. Argus Info. & Advisory Servs., LLC*, No. 1:23-cv-02939-JPC, 2025 U.S. Dist. LEXIS 38553, at *4 (S.D.N.Y. Feb 27, 2025); *see also GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) ("When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved.").[2]

Here, Exhibits D and E to the Alexander Declaration specifically discuss surface formulas and other confidential/proprietary GOJO information. Exhibit E includes formula cards, and the portions of Exhibit D that GOJO seeks to redact include deposition testimony of a senior GOJO scientist discussing GOJO formulas and other confidential/proprietary information. GOJO also seeks to maintain redactions of the discussions of Exhibit E in the Opposition. Additionally, GOJO seeks to maintain redacted references to the amounts paid under various agreements between the parties, which constitutes competitively sensitive information. Under the *Lugosch* standard, this constitutes the "higher value" necessary to overcome the presumption of public access. Providing public access to these materials would grant significant advantage to GOJO's competitors who do not know or use it.

In view of the foregoing, GOJO respectfully requests that the Court order that Exhibit E remain sealed, that it be permitted to maintain the redactions to Exhibit D and to the portions of the Opposition discussing Exhibit E and the amounts paid under the various agreements between GOJO and UrthTech.

GOJO's counsel is available at the Court's convenience should Your Honor have any questions or wish to discuss these requests. We thank the Court for its consideration and assistance in this matter.

Respectfully submitted,

By: */s/ Andrew W. Alexander*
John Cipolla (Pro Hac Vice)
Andrew W. Alexander (Pro Hac Vice)
Chet Bonner (Pro Hac Vice)
Nicholas Zalany (Pro Hac Vice)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: 216-622-8634
Fax: 216-241-0816

---

[2] Trade secrets "is any formula, pattern, device, or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Encyclopedia Brown Prods. v. Home Box Office*, 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998) (internal quotations omitted).

jcipolla@calfee.com
aalexander@calfee.com
cbonner@calfee.com
nzalany@calfee.com

Noam J. Kritzer
KRITZER MCPHEE LLP
256 Columbia Turnpike
Edison Suite, Unit 204
Florham Park, New Jersey 07932
(973) 679-7272
nkritzer@kmpatentlaw.com

Ryan S. McPhee
KRITZER MCPHEE LLP
501 W. Broadway, Suite 800
San Diego, California 92101
(619) 758-3600
rmcphee@kmpatentlaw.com

*Counsel for Defendant*
*GOJO Industries, Inc.*