UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

URTHTECH LLC,

                Plaintiff,

-against-

GOJO INDUSTRIES, INC.,

                Defendant.

**OPINION AND ORDER
ON APPOINTMENT OF COUNSEL
AND DISCOVERY FILINGS**

**1:22-CV-6727 (PKC)(KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE:**

      Non-party Aziz Awad, who withdrew from this action with the filing of the First Amended Complaint in November 2022 (ECF. No. 38), has filed a motion to intervene (ECF No. 140), a letter request for appointment of pro bono counsel (ECF No. 146), and objections and responses to Defendant's requests for production (ECF Nos. 152-153). This Opinion and Order addresses the latter filings, not the motion to intervene (which will be addressed in a separate opinion).

      Unlike in criminal cases, in civil cases, there is no requirement that courts supply litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Under 28 U.S.C. § 1915(e)(1), an indigent litigant can request pro bono counsel. However, Awad has not applied to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). Further, even if he were a party and granted the ability to proceed *in forma pauperis* the court has "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request"

1

that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Because Awad is not currently a party and has not been granted permission to proceed *in forma pauperis,* the motion is premature. Accordingly, it is **denied without prejudice**.

**The Clerk of Court is respectfully directed to terminate the motion at ECF No. 146.** Further, as a general matter, responses to discovery requests should not be filed on the docket.

**Accordingly, the Clerk of Court is respectfully requested to strike Awad's filings at ECF Nos. 152-153.**

**SO ORDERED.**

Dated:   August 8, 2025
         New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

3