UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
URTHTECH LLC,

                          Plaintiff,                        22-cv-6727 (PKC)

-against-

                                                      ORDER

GOJO INDUSTRIES, Inc.,

                          Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

        Magistrate Judge Katherine H. Parker, to whom this action was referred for general pre-trial supervision, issued a Report and Recommendation ("R&R") recommending denial of a motion by Dr. Aziz C. Awad to intervene as of right or, alternatively, permissively. (ECF 178.) Awad has timely objected to the R&R under Rule 72(b), Fed. R. Civ. P. (ECF 195.) The Court accords Awad special solicitude because he is proceeding pro se.

        Upon de novo review, the Court concludes that the R&R is well-reasoned and correct and it is adopted without modification.

        Briefly, the R&R found that the motion to intervene as of right or permissively was not "timely" within the meaning of Rule 24(a) & (b), Fed. R. Civ. P. With respect to permissive intervention, the R&R also concluded that the intervention will unduly delay or prejudice the adjudication of the original parties' rights within the meaning of Rule 24(b)(3).

        "Timely" is not defined in the rule but Judge Parker cited to United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994) as pointing to factors warranting consideration:

> Timeliness defies precise definition, although it certainly is not confined strictly to chronology. Among the circumstances generally considered are: (1) how long the applicant had notice of the interest before it made the

1

    motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness.

Id. at 70.

  The R&R notes that Awad was a plaintiff in this action from the time of its commencement on August 8, 2022. He and his co-plaintiff, UrthTech LLC ("UrthTech), of which Awad is a 48% owner, were represented by New York and Chicago lawyers. He is chargeable with knowledge of the contents of his own pleading and, indeed, he has acknowledged monitoring the action.

  Awad's lawyers wrote to the Court on October 14, 2022, seeking leave to amend the Complaint to remove Awad as a plaintiff and thereby moot defendant's objection that he lacked standing. The Court granted leave to amend and Awad ceased to be a party to the action with the filing of the First Amended Complaint on November 15, 2022.

  Awad's objections do not claim that he was unaware of his joinder as co-plaintiff or did not consent to his removal by amendment. He viewed his withdrawal from the action as "a bargain-for-arrangement conditioned on substantial compensation (a 'Big Fat Check') and UrthTech's diligent prosecution of the claims in a manner prioritizing the company's members, including myself. (ECF 195 at 9.) Awad's new-found dissatisfaction with UrthTech's prosecution of the three-year old action, including a pattern of corporate mismanagement, gross negligence, mistakes and management conflicts of interest arising from a desire to service corporate debt, does not render the present application timely.

  The R&R also correctly focused on Awad's deposition testimony that "in March 2019 when the acid wipe patent published . . . you had discovered GOJO's misappropriation . . . .? A. I discovered. . . yeah, Yes." (July 8, 2025 at 115:17-22.) Awad cannot avoid the impact of his own testimony, which on a fair reading acknowledges awareness of a potential claim against

2

GOJO years before this action was commenced. He did institute this action in August of 2022 but then acquiesced in his withdrawal for reasons explained in the R&R.

Judge Parker's analysis of the prejudice to the parties from delay—fact discovery is closed, and expert discovery will soon close—was well founded. It matters little that Awad does not seek any additional discovery. His presence would at a minimum prompt motion practice, see, e.g. ECF 21 at 3-4, and necessitate a re-opening of discovery to explore his claims of ownership of the trade secrets at issue. The prejudice to Awad in denying intervention is minimal because his interests are represented by UrthTech and he retains all rights he may have against UrthTech, if it has breached any duty owed to him.

The Court has reviewed the entirety of the R&R and finds that it is well-supported in fact and law. The objections are overruled and the R&R is accepted and adopted in its entirety.

SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
October 9, 2025