Via Pro Se Intake Email

October 16, 2025

United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

The Honorable P. Kevin Castel

*[Handwritten note:]* Dr Awad is correct that the Orders of Judge Parker on discovery, e.g., ECF 156 & 180 control. It does not, however, alter the Court's denial of intervention. Letter motion is determined in accordance with the foregoing and the motion at ECF 208 should be terminated.

SO ORDERED
[signature] /s/ Castel
USDJ
10·29·25

**Re: UrthTech LLC v. GOJO Industries, Inc., No. 1:22-cv-06727 (PKC) — Limited Letter-Motion for Reconsideration or, in the Alternative, Clarification (L.R. 6.3)**

Dear Judge Castel:

I respectfully move under Local Civil Rule 6.3 for limited reconsideration, or in the alternative clarification, to correct a discrete factual premise referenced in the Court's October 10, 2025 Order (ECF No. 206) adopting the August 27, 2025 Report & Recommendation ("R&R," ECF No. 178). As a *Pro Se* litigant, I appreciate the Court's consideration of this narrow request.

The Order states that the R&R's observation that "expert discovery will soon close" was "well founded." That statement traces itself to a superseded schedule (ECF No. 148), which set an October 13, 2025 expert deadline. The operative schedule is ECF No. 156 (endorsed July 18, 2025), which keys the remaining expert deadlines to the Court's ruling on intervention. After the R&R issued, the parties jointly sought clarification, and Magistrate Judge Parker confirmed that the October 13, 2025 date referenced in the R&R derived from a prior order and that ECF No. 156 controls. See ECF Nos. 179–180. Accordingly, the "soon-closing" premise reflects a non-operative date.

**Relief requested:** (1) That the Court amend or clarify that its adoption of the R&R does not rest on a soon-closing October 13, 2025 expert deadline and that the operative schedule is ECF No. 156, as confirmed at ECF No. 180; and

(2) Only to the extent the timeliness/prejudice discussion relied on the superseded date, that the Court reconsider that discrete premise to avoid reliance on a non-operative docket entry.

**Grounds:** Reconsideration is appropriate where the Court overlooked controlling facts or data. The record shows: (i) ECF No. 156 keyed the expert deadlines to the intervention ruling; (ii) the R&R (Aug. 27, 2025) cited an Oct. 13, 2025 close from ECF No. 148; and (iii) following the R&R, both parties sought clarification and the Magistrate confirmed that ECF No. 156 is operative (ECF Nos. 179–180). I flagged this point in my reply papers (ECF No. 203). Correcting the premise will ensure the docket accurately reflects the governing schedule and prevent downstream reliance on an inaccurate foundation for timeliness/prejudice.

**Narrow scope:** I do not seek to re-argue intervention or disturb the Court's disposition more broadly. I request only a record correction/clarification so that future proceedings are guided by the accurate, operative schedule. No hearing is requested unless the Court believes oral argument would assist.

Thank you for the Court's consideration.

Respectfully submitted,

*A. Awad*

Dr. Aziz C. Awad
Pro Se Litigant
8131 Parkside Drive
Westland, MI 48185
Phone: (248) 320-0650
E-mail: aziz.awad@icloud.com

**cc: Counsel for Plaintiff UrthTech LLC (via E-mail) and Counsel for Defendant GOJO Industries, Inc. (via E-mail)**