UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

URTHTECH LLC,

                Plaintiff,

    -against-

GOJO INDUSTRIES, INC.,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2026

22-CV-6727 (PKC) (KHP)

REPORT AND RECOMMENDATION
ON RULE 11 MOTION

**TO:** HON. P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE
**FROM:** KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE

      Presently before the Court for a report and recommendation is Defendant GOJO Industries, Inc.'s ("Defendant" or "GOJO"), motion for sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 11 against Plaintiff UrthTech LLC ("Plaintiff" or "UrthTech"). For the reasons set forth below, I respectfully recommend that Defendant's motion for sanctions be DENIED.

## BACKGROUND

      The Court presumes familiarity with the facts in this matter and includes the following only insofar as it relevant to resolving the instant motion. UrthTech has a patent on a basic formulation for use in a spray product, which it licensed to GOJO. UrthTech also developed acidic formulations for cleaning products, but has not filed for a patent and instead maintained them as trade secrets. GOJO argues that at the time this case was filed, UrthTech knew its case was without merit because it did not have evidentiary support for its claim that Dr. Aziz Awad should be listed as an inventor in GOJO's '662 Patent and its '973 Patent publication or for its contention that GOJO misappropriated UrthTech's confidential trade secrets in either the

patent or the patent publication. (ECF No. 59 ("SAC"), at ¶¶ 41-43, 48-49; ECF No. 214-1 ("GOJO Mem."), at 10, 20) Dr. Awad has asserted that he communicated the concept of replacing lauric acid with nonionic surfactant to GOJO/GOJO inventors in meetings and calls during the course of the parties' relationship, but because there is no document reflecting those communications, GOJO says there is no evidence of the same. (GOJO Mem., at 2) Dr. Awad also has testified about his work on various formulas, but his lab notebooks were destroyed after this action was filed, as referenced in this Court's Opinion on GOJO's motion for spoliation sanctions. (ECF No. 227-3; ECF No. 237) UrthTech has taken the position that there is documentary evidence that provides circumstantial proof of its claims.

The Rule 11 motion hinges on an internal memo from April 9, 2020 produced by UrthTech during discovery in which Dr. Awad proposes a response to a communication from GOJO's lawyer and asserts that GOJO's spray improvements were covered by UrthTech's patents. (GOJO Mem., at 5) GOJO characterizes the memo as a concession by UrthTech that GOJO had its own scientists who were developing antimicrobial technologies independent of UrthTech and that the improvements to the spray product that uses UrthTech's licensed formula was developed independently by GOJO using GOJO's "prior art" and that wipe products also were developed independently from UrthTech. (*Id.*) GOJO points out that the memo does not mention GOJO's use of UrthTech trade secrets. (*Id.*) It further argues that discovery has revealed that UrthTech's claims are without merit because they are based on only "a smattering of document that disclose nothing novel (most were previously disclosed in prior art patents and never shared with GOJO)." (*Id.*, at 2) For its part, UrthTech contends that the Rule 11 motion misconstrues the April 9 memo and that Rule 11 sanctions are not appropriate here

given they are generally reserved for exceptional cases, which it says this case is not. (ECF No. 227 ("UrthTech Mem."), at 1, 5)

## LEGAL STANDARD

Rule 11 provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(a).

"A pleading, motion or other paper violates Rule 11 ... where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is ... warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Tescher v. Experian Info. Sols., Inc.*, No. 21 Civ. 2266 (PMH), 2022 WL 564048, at *4 (S.D.N.Y. Feb. 23, 2022) (quoting *Parnoff v. Fireman's Fund Ins. Co.*, 796 F. App'x 6, 8 (2d Cir. 2019)); *see also Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407 (S.D.N.Y. 2003).

Courts frequently deny Rule 11 motions as premature when the motion would force a court to prejudge the merits of a party's legal arguments. *Hernandez v. Miller*, No. 22 Civ. 6964 (VSB), 2022 WL 17584025, at *1 (S.D.N.Y. Dec. 12, 2022); *see also Chambers v. NASCO, Inc.*, 501

U.S. 32, 56 n.19 (1991) ("[I]t is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.")  "[E]ven when a court is faced with a frivolous action, it should consider dismissal through dispositive motions such as summary judgment as a "first option" and only resort to "the imposition of sanctions ... [as] a choice of last resort." *Hernandez*, 2022 WL 17584025, at *1 (quoting *Safe-Strap Co., Inc.*, 270 F. Supp. 2d 407, 419 (S.D.N.Y. 2003)).  Further, Rule 11 sanctions are reserved for "extraordinary circumstances." *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir. 1993).

Rule 11 sanctions, if granted, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).  The imposition of sanctions by the court, if any, and the determination of the amount of any sanction is within the court's discretion.  *See Caisse Nationale De Credit Agricole–CNCA v. Valcorp, Inc.,* 28 F.3d 259, 266 (2d Cir. 1994).

## DISCUSSION

To start, neither side states whether the procedural requirements for a Rule 11 motion have been met.[1]  Rather, it appears the parties agree they have been, as they merely argue the merits of the Rule 11 motion.  Accordingly, the court assumes that the procedural requirements have been met.

---

[1] There are strict procedural requirements for bringing a Rule 11 motion.  Specifically, the safe-harbor provision demands that the moving party first provide notice and a draft of the motion for sanctions to the non-moving party and allots the non-moving party 21 days to cure the defect. Fed. R. Civ. P. 11(c)(2).  It also requires service of the notice and motion in accordance with Rule 5.  *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175-76 (2d Cir. 2012).

Under Rule 11(b)(3), "sanctions may not be obtained unless a particular allegation is utterly lacking in support." *O'Brien v. Alexander,* 101 F.3d 1479, 1489 (2d Cir. 1996). Courts typically look for statements that rise to the level of direct falsehoods before they find that sanctions are warranted pursuant to Rule 11(b)(3). *See Sichel v. UNUM Provident Corp.*, 230 F.Supp.2d 325, 332 (S.D.N.Y. 2002); *Chum Ltd. v. Lisowski,* No. 98 Civ. 5060 (KMW), 2001 WL 243541, at *14 (S.D.N.Y. Mar. 12, 2001). Here, GOJO's motion is based on its interpretation of the April 9, 2020 memo – an interpretation UrthTech disputes, and its assessment of the evidence in discovery, which it characterizes as deficient. GOJO asks the Court to weigh in on the factual merits of the case but not through a Rule 56 motion for summary judgment.

But, it is well established that "Rule 11 motions...should not be employed...to test the sufficiency or efficacy of allegations in the pleadings; *other motions are available for those purposes.*" Advisory Committee Notes on 1993 Amendments to Rule 11 (emphasis added); *see also Jawbone, LLC v. Donohue*, No. 01 Civ. 8066 (CSH), 2002 WL 1424587, at *6 (S.D.N.Y. June 28, 2002); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1336 (2d ed. Supp. 2003) ("Rule 11 should not be used to raise issues of legal sufficiency that more properly can be disposed of by a motion to dismiss, a motion for a more definite statement, or a motion for summary judgment."); *Blue v. United States Dep't of the Army,* 914 F.2d 525, 535 (4th Cir. 1990), *cert. denied sub nom., Chambers v. United States Dep't of the Army,* 499 U.S. 959, 111 (1991) ("[C]laims that are plainly meritless should be disposed of early in the course of litigation through summary judgment or other pretrial motion[s]...As a general matter, dismissal of a frivolous...case on the merits should be a first option, whereas imposition of sanctions should be a matter of last resort.").

Further, when "assessing whether Rule 11 sanctions should be imposed, the court does not judge the merits of an action." *Safe–Strap Co., Inc.,* 270 F.Supp.2d at 417 (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396 (1990)).  Rather, as the court in *Safe-Strap, Inc*. noted, "in performing a Rule 11 analysis, the court determines 'a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate.'" *Id.* (citing *Cooter,* 496 U.S. at 396).

It is clear from the briefing that GOJO is seeking to achieve dismissal of this action through Rule 11 rather than through a merits assessment of the evidence on summary judgment.  This is not appropriate.  While it is true that there appears to be little documentary evidence supporting UrthTech's claims, the Rule 11 briefing reveals that there are disputes of fact concerning the interpretation of the April 9, 2020 memorandum and its import on the claims.  Without the benefit of full briefing on a motion for summary judgment, the Court is ill-equipped to find that the claims are "utterly lacking in support" or that UrthTech has made statements "which rise to the level of direct falsehoods."  Therefore, I recommend that the Rule 11 motion be denied and that the parties proceed to summary judgment motion practice.  *See Safe-Strap Co., Inc*., 270 F.Supp.2d at 414 (denying Rule 11 motion in patent infringement case because the merits of the complaint had not been tested in a dispositive motion and stating that Rule 11 sanctions are not a proper substitute for summary judgment).

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Rule 11 motion be DENIED.

DATED:   New York, New York                   Respectfully submitted,
         February 3, 2026

_____
KATHARINE H. PARKER
United States Magistrate Judge

NOTICE

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).

The parties shall have fourteen days from the date of service of any objections to serve and file any response. Any objections and any responses to such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Castel. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).