**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| URTHTECH LLC, <br><br> Plaintiff, <br><br> v. <br><br> GOJO INDUSTRIES, INC., <br><br> Defendant. | CASE NO.: 1:22-cv-06727-PKC <br><br> Judge P. Kevin Castel <br><br> Magistrate Judge Katharine H. Parker |

**DEFENDANT GOJO INDUSTRIES, INC'S OBJECTION TO THE
FEBRUARY 3, 2026 REPORT AND RECOMMENDATION (ECF 238)**

**I.     INTRODUCTION AND BACKGROUND**

Pursuant to 28 U.S.C. §636(b)(1)(C), Defendant GOJO Industries, Inc ("GOJO" or "Defendant") respectfully objects to Magistrate Judge Parker's February 3, 2026 Report and Recommendation (ECF 238) (the "R&R") denying GOJO's motion for sanctions pursuant to Rule 11 (ECF 214) (the "Rule 11 Motion").

GOJO did not decide lightly to move for the drastic relief of Rule 11 sanctions. GOJO only moved for sanctions after the comprehensive fact discovery process confirmed that UrthTech's claims are utterly lacking in evidentiary support, and that UrthTech *knew* it from the start. GOJO's nearly 30-page Rule 11 Motion extensively documented that UrthTech has known from the start of this case that its allegations had no basis in fact. UrthTech had the opportunity to address these matters head-on, yet only mustered a 4.5-page response that opted to side-step the issue of whether it ever had evidentiary support for its claims when it filed this case and, instead, argued without basis that GOJO's motion was solely based on a misinterpretation of an April 9, 2020 Memorandum. However, in that memo, Dr. Aziz Awad, UrthTech's co-owner, admitted that GOJO developed its antimicrobial technologies independently of UrthTech and never uttered a word about sharing trade secrets or inventing GOJO's new technologies. This memo, which was produced late in the discovery process pursuant to a motion to compel, simply confirmed what fact discovery showed: that UrthTech never had a basis to accuse GOJO of misappropriating its trade secrets or excluding Dr. Awad as an inventor on its patent applications. GOJO developed this technology itself.

Magistrate Judge Parker denied the Rule 11 Motion, albeit noting that "there appears to be little documentary evidence supporting UrthTech's claim." ECF 238 at 6. Judge Parker concluded that "the Rule 11 briefing reveals that there are disputes of fact concerning the interpretation of the

April 9, 2020 memorandum and its import on the claims." *Id.* But UrthTech's dispute about what the memorandum says is not reasonable on its face for the reasons discussed in GOJO's reply. ECF 227 at 3–4; ECF 232 at 7–8. In addition, Judge Parker concluded that "GOJO is seeking to achieve dismissal of this action through Rule 11 rather than through a merits assessment of the evidence on summary judgment" and found that its motion "hinge[d]" on the April 9, 2020 Memorandum. ECF 238 at 2, 6. GOJO respectfully submits that this conclusion was in error, given the compelling volume of admissions and uncontested facts GOJO submitted in its briefing that demonstrate UrthTech never had a good faith basis to bring its claims in the first place and has since prolonged this case for years on self-defeating theories. UrthTech's 4.5-page opposition did not meaningfully deny the glaring lack of evidentiary support.

GOJO also respectfully objects to the R&R as it did not address two additional, independent grounds for Rule 11 sanctions. The R&R did not address the fact that UrthTech only avoided dismissal of its trade secret claims by (1) alleging that it took certain reasonable measures to protect the alleged trade secrets and (2) alleging that it only became aware of its potential DTSA claim on March 16, 2020 so as to avoid dismissal on statute of limitations grounds. The fact discovery process has proven these allegations to be false. Rule 11 Motion at 27–29.

If the Court is inclined to agree with Judge Parker's reasoning that the parties "proceed to summary judgment motion practice," rather than grant the Rule 11 Motion at this time, GOJO respectfully requests that instead of denying the motion at this time, it hold it in abeyance until after summary judgment practice is concluded.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. §636(b)(1)(C)), the district judge shall make a "de novo determination of those portions of the report or specified proposed findings or recommendations

3

to which objection is made." 28 U.S.C. §636(b)(1)(C).  Under the *de novo* standard, the district court makes an independent determination of a controversy that accords no deference to any prior resolution of the same controversy.  *See, e.g., Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc.*, 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003).

The "standard for triggering [sanctions] under Rule 11 is objective unreasonableness." *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000). "An action is objectively unreasonable such that Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim upon an express request by his or her adversary after learning that the claim was groundless." *Cameau v. Nat'l Recovery Agency, Inc.*, No. 15 Civ. 2861, 2018 U.S. Dist. LEXIS 168227, at *2 (E.D.N.Y. Sept. 28, 2018); *see also O'Malley v. N.Y.C. Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990) ("continuing to press an obviously meritless lawsuit does tend to indicate bad faith and further supports the imposition of a rule 11 sanction."). Rule 11 applies both when during the signing, filing, submitting, and advocating for that submission and when a party and its counsel become aware that their allegations are "utterly lacking in support," yet persist with the case. *See* F. R. Civ. P. Rule 11; *Galin v. Hamada*, 283 F. Supp. 3d 189, 203-04 (S.D.N.Y. 2017) (quoting *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014)).

"Beyond the powers conferred expressly by rule and statute, a federal court has inherent power to sanction a party for bad faith litigation conduct." *Cerruti 1881 S.A. v. Cerruti, Inc.*, 169 F.R.D. 573, 582-83 (S.D.N.Y. 1996) (holding that "it seems entirely appropriate to apply the ultimate sanction and to enter judgment for plaintiffs" because of misconduct and misrepresentations before the court).  In *Cerruti,* the court also found it proper to "assess costs and attorneys' fees, because defendants' conduct led plaintiffs' counsel on an arduous chase." *Id.*

### III.     ARGUMENT

####     A.     It Was Error To Deny The Rule 11 Motion Based On A Perceived Dispute of Fact Concerning The April 9, 2020 Memorandum.

The April 9, 2020 Memorandum only served to confirm UrthTech's complete lack of evidentiary support for its claims—both at the time of filing and as this case has proceeded through fact discovery. Dr. Awad acknowledged therein that GOJO *independently* developed the technologies that UrthTech claims were misappropriated by GOJO:

> Gojo hired a very active group of scientists to develop and own surface care antimicrobial technologies ***independent of UrthTech***. In fact, Gojo was granted several patents in the last five years on this subject and more to come. ***The wipe technology that the senior counsel is referring to in the e-mail referenced above is just one example***.

Ex 1 to Rule 11 Motion at URTHTECH_0036277 (emphasis added). He also admitted that he did not contribute anything novel to GOJO's spray improvement as it was based on the "prior art," and would be "owned by GOJO." *Id.*

While the R&R found that the Rule 11 Motion hinged on that memorandum, it was not the only basis for sanctions articulated by GOJO. Indeed, GOJO's December 16, 2025 Reply summarized the several grounds for relief in the Rule 11 Motion which UrthTech failed to address at all. *See* ECF 232 at 5–7. These grounds go directly to (1) the utter lack of evidence that UrthTech ever gave GOJO the alleged trade secrets or contributed to the development of GOJO's new wipe and spray products (and related intellectual property rights); and (2) that the alleged trade secrets themselves do not disclose anything novel, but rather only disclosed matters already in the prior art such as Dr. Awad's decades-old patents.

GOJO respectfully submits that a fair reading of the memorandum—combined with all of the undisputed evidence and admissions documented in the Rule 11 Motion—demonstrates that UrthTech's claims have been "utterly lacking in support" from the outset of this case.

Judge Parker, however, ruled that "GOJO is seeking to achieve dismissal of this action through Rule 11 rather than through a merits assessment of the evidence on summary judgment." While UrthTech's claims are admittedly susceptible to dismissal on Rule 56 grounds as well, Rule 11 and the Court's inherent authority to award sanctions still applies in cases such as the present where, after fact discovery has completed, there is clearly no basis for the claims. *See, e.g,, Luv N' Care, Ltd. v. Shiboleth LLP*, No. 16-cv-3179 (AJN), 2017 U.S. Dist. LEXIS 128060, at *40 (S.D.N.Y. Aug. 8, 2017) ("In those cases in which a court in this Circuit has granted a sanctions motion on the ground that a plaintiff lied or falsified his allegations, those sanctions have been issued only after discovery and/or summary judgment practice."); *Grayson v. Ressler & Ressler*, 271 F. Supp. 3d 501, 526 (S.D.N.Y. 2017) ("She is correct that resolution of a sanctions motion concerning pleadings is generally proper after discovery since it would otherwise end-run the principle that courts must take the plaintiff's pleading as true on a motion to dismiss.")  Indeed, in *Grayson,* the court found the Rule 11 inquiry premature at the motion to dismiss stage.  Here, however, GOJO waited until *after* fact discovery closed to move for sanctions.

Thus, GOJO respectfully submits that this matter is ripe for an award of sanctions on the current, well-developed record.  However, as noted above, if the Court deems it appropriate to first proceed to summary judgment before considering the grounds for sanctions under Rule 11, GOJO respectfully requests that the Court hold its ruling on the Rule 11 Motion in abeyance rather than adopt Judge Parker's Report and Recommendation at this time.

**B.    It Was Error To Deny The Rule 11 Motion Where UrthTech Has Failed to Withdraw Its DTSA Claim Despite It Being Indisputably Time-Barred.**

GOJO also objects to the R&R to the extent it denied the Rule 11 Motion without considering irrefutable evidence that UrthTech's DTSA claim is barred by the applicable three-year statute of limitations.  Accordingly, UrthTech should have been sanctioned under Rule 11 for

6

failing to withdraw its DTSA claim in view of now-completed fact discovery proving that it had knowledge of this claim as early as March of 2019, despite alleging that it only became aware of it in March of 2020.

UrthTech opposed GOJO's motion to dismiss on statute of limitations grounds by claiming that "UrthTech discovered that trade secret misappropriation had occurred on March 16, 2020, when GOJO sent a letter to UrthTech[.]" Response, ECF 46 at 8; Second Amended Complaint (the "SAC"), ECF 59 at ¶ 51.  On the strength of that assertion, the Court rejected GOJO's statute of limitations argument at the 12(b)(6) stage, but effectively put UrthTech on notice that its claims would be out of time if it had knowledge of the alleged misappropriation before November of 2019:

> Therefore, the claim is timely so long as UrthTech discovered, or by the exercise of reasonable diligence should have discovered, GOJO's alleged misappropriation ***no earlier than November 2019***.

ECF 48 at 17 (emphasis added).

Fact discovery has now closed, and the evidence, including sworn testimony of key UrthTech witnesses, proves that UrthTech's DTSA claim is time-barred because UrthTech became aware of GOJO's patent (U.S. Patent No. 11,678,662) in ***March 2019***.  *See* Rule 11 Motion at 28–29.  This was recognized by Judge Parker in her Report and Recommendation denying Dr. Awad's Motion to Intervene. ECF 178 at 7 (" […] Dr. Awad concedes that he learned of GOJO's alleged trade secret misappropriation when GOJO's '662 Patent was published on March 21, 2019 – more than six years ago.") As the DTSA claim is predicated on GOJO obtaining that patent through alleged misappropriation of UrthTech's alleged trade secrets and UrthTech has admitted to knowledge of the patent in March 2019, the claim is clearly time-barred.   UrthTech should be sanctioned for continuing to assert it. *See, e.g., Eastway Constr. Crop. v. New York*, 762 F.2d 243,

254 (2d Cir. 1985)( "[W]here it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated.").

      **C.**      **It Was Error To Deny The Rule 11 Motion Where UrthTech Has Failed to Withdraw Its Trade Secret Claims Despite Making False Allegations To Avoid Dismissal Of The Same.**

Rule 11 "authorizes a Court to impose sanctions for deliberately making false statements to the Court." *Macolor v. Libiran*, No. 14-CV-4555 (JMF), 2015 U.S. Dist. LEXIS 34010, at *13 (S.D.N.Y. Mar. 18, 2015); *Williamson v. Recovery Ltd. Partnership*, 542 F.3d 43, 51 (2d Cir. 2008) (holding that Rule 11 is violated by "making false, misleading, improper, or frivolous representations to the court.")

The evidence is clear that UrthTech made false statements as to the protective measures for its alleged trade secrets. As the Court may recall, it originally dismissed UrthTech's First Amended Complaint because UrthTech failed to allege that it took reasonable measures to protect the secrecy of its alleged trade secrets. Opinion, Dkt. No. 48, pp. 23–26. In response, and to avoid a second dismissal, UrthTech's SAC then alleged that "UrthTech's policy is to limit use of hard-copy documents containing trade secret and confidential information, and such documents ***were maintained on Dr. Awad's person or locked in his office, and shredded after use***." SAC, ECF 59 at ¶7 (emphasis added). This has proven to be false. Indeed, Dr. Awad admitted that he gave hard-copy "critical trade secret materials" to the CMDA law firm in 2016 without indicating what they contained or any instruction to keep them safe or to preserve them. ECF 142 at ¶ 16. These "critical" hard-copy documents certainly were not on Awad's person or locked in his office, despite UrthTech's amended allegations. Magistrate Judge Parker, in ruling on GOJO's Motion for Spoliation Sanctions, found that the lab notebooks that Dr. Awad claimed to contain critical

8

trade secrets information were not secured by UrthTech as alleged. *See* ECF 237 at 7 ("the court would have expected UrthTech to have secured the lab notebooks….").[1]

The R&R did not address UrthTech's false statements made to avoid dismissal and thus erred in denying the Rule 11 Motion at least as to the trade secret claims.

## IV.    CONCLUSION

GOJO respectfully submits that UrthTech's maintaining of claims with a demonstrably utter lack of support has unnecessarily prolonged this lawsuit. Therefore, GOJO respectfully requests the Court to sustain GOJO's Objections and award appropriate sanctions for UrthTech and its counsel's misconduct.

In the alternative, GOJO respectfully requests the Court hold its ruling on sanctions in abeyance until summary judgment motions are briefed and ruled upon.

Respectfully Submitted,

Dated: February 17, 2026        */s/ Andrew W. Alexander*
John S. Cipolla
(jcipolla@calfee.com)
Andrew W, Alexander
(aalexander@calfee.com)
Chet J. Bonner
(cbonner@calfee.com
Nicholas P. Zalany
(nzalany@calfee.com)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Tel: 216-622-8200

Noam J. Kritzer
(nkritzer@kmpatentlaw.com)
KRITZER MCPHEE LLP
23 Vreeland Road, Suite 104

---

[1] The evidence revealed that the notebooks sat, unaccounted for, in CMDA's offices for years until they were destroyed in October 2022, ***after this lawsuit was filed***.

Florham Park, New Jersey 07932
Tel: 973-679-7272

Ryan S. McPhee
(rmcphee@kmpatentlaw.com)
KRITZER MCPHEE LLP
501 W. Broadway, Suite 800
San Diego, California 92101
Tel: 619-758-3600

*Attorneys for the Defendant:*
*GOJO Industries, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on counsel for UrthTech via electronic mail on February 17, 2026.

>  */s/ Andrew W. Alexander*
> Andrew W. Alexander

## CERTIFICATE OF WORD-COUNT LIMITATIONS

The undersigned certifies that, in accordance with Local Civil Rule 7.1(c), the foregoing Objection has a word count of 2,442 words, which does not exceed the 8,750 word-count limitation.

>  */s/ Andrew W. Alexander*
> Andrew W. Alexander