UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/17/2026___
```

|  |  |
|---|---|
| URTHTECH LLC, | |
| Plaintiff, | **22-CV-6727 (PKC) (KHP)** |
| -against- | **ORDER ON MOTION TO SEAL** |
| GOJO INDUSTRIES, INC., | |
| Defendant. | |

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Presently before the Court are Defendant GOJO Industries, Inc.'s ("GOJO") request to redact portions of its memorandum in support of its pending Federal Rule of Civil Procedure ("Rule") 11 motion and to seal Exhibit 9, as well as Plaintiff UrthTech LLC's ("UrthTech") request to redact separate portions of the same memorandum and to seal Exhibit 26.  (ECF No. 215) For the following reasons, both requests are GRANTED.

**BACKGROUND**

The Court presumes familiarity with the facts in this matter and includes the following only insofar as it is relevant to resolving the instant motion.  On November 4, 2025, GOJO requested leave to file certain materials in connection with its Rule 11 motion under seal. Specifically, GOJO seeks to seal Exhibit 9, a document prepared by GOJO for receiving research and development credit under Section 41 of the Internal Revenue Code.  GOJO represents that Exhibit 9 "contains confidential business information and product development information." Additionally GOJO seeks a limited redaction to page 4 of its Memorandum (ECF No. 214-1) as the redacted information purportedly "reflects ingredients in GOJO's formula for its antimicrobial surface wipe, which information is likewise highly confidential and non-public."

(ECF No. 215)  In its motion, GOJO further represents that UrthTech requests that Exhibit 26 be filed entirely under seal, and for certain redactions of page 15 of GOJO's memorandum (ECF No. 214-1) that correspond with a requested redaction in Exhibit 17.  Though GOJO disputes that these materials contain trade secrets, it has complied with UrthTech's requests by applying the requested redaction and by filing Exhibits 17 and 26 under seal.  The undersigned has since recommended that GOJO's Rule 11 motion be denied.  (ECF No. 238)

**LEGAL STANDARD**

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted).  A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record.  *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted).

"[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id*. (alteration in original) (internal quotation marks and citation omitted). Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

### DISCUSSION

The exhibits the parties seek to seal in the instant motion are plainly "judicial documents," to which a presumption of access attaches. *Amodeo*, 71 F.3d at 1048. The documents at issue are a memorandum of law and certain exhibits in support of a Rule 11 motion, which seeks dismissal of this case among other remedies. Therefore, these documents carry a "strong presumption of public access, which is rebuttable only with specific, on-the-record findings that closure is essential to preserve higher values." *Binh Thanh Exp. Prod. & Trade Joint Co. v. Amazon.com Serv.s LLC*, No. 23 Civ. 292 (LGS), 2025 WL 2302267, at *2 (S.D.N.Y. Aug. 8, 2025) (slip copy).

As to Exhibit 9 (ECF No. 216-1), the Court concludes that GOJO has made the requisite showing to overcome the presumption of public access.  *See Doe v. New York Univ.*, No. 20 Civ. 1343 (MKV), 2023 WL 2609315, at *1 (S.D.N.Y. Mar. 22, 2023).  Although Exhibit 9 was submitted in connection with a dispositive motion and therefore qualifies as a judicial document, the presumption of access to the contents of the document is outweighed by the substantial interest in preventing disclosure of sensitive proprietary material.  Exhibit 9 was prepared in connection with GOJO's efforts to obtain research-and-development tax credits under 26 U.S.C. § 41 and the document reflects confidential, non-public information concerning its internal research and development activities.   Specifically, the exhibit encompasses descriptions of research undertaken by GOJO, internal methodologies, development milestones, experimental work, and related technical information concerning product development.  On this record, the Court is satisfied that public disclosure of such material could reveal competitively sensitive information and thereby risk commercial harm to GOJO that sealing is explicitly designed to protect against.  *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (finding that a presumption of public access may be rebutted where the party seeks to protect "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors].")

As to GOJO's request to redact a limited portion of page 4 of its memorandum in support of its Rule 11 motion, the Court likewise concludes that the redaction is warranted. The redacted material lists critical ingredients in GOJO's proprietary antimicrobial surface-wipe formula and thus implicates precisely the sort of commercially sensitive technical information that courts have recognized may justify restricting public access.  *See e.g., In re Electronic Arts,*

298 Fed. App'x 568, 569-70 (9th Cir.2008) ("A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.")  The information at issue is not peripheral or merely descriptive business information.  Rather, it goes directly to the composition of GOJO's product and reflects non-public details of its formulation.  Disclosure of those ingredients would risk conferring an unwarranted commercial benefit on competitors by revealing aspects of GOJO's proprietary product development that are not otherwise available to the public.  *See GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (concluding that "the privacy interests of the defendants" in protecting documents relating to "the defendants' marketing strategies, product development, costs and budgeting" "outweigh the presumption of public access, and that it is appropriate for these materials to remain under seal.")  The Court further finds that the proposed redactions are narrowly tailored.  GOJO does not seek to seal page 4 in full, nor does it seek to withhold broader discussion surrounding the sanctions motion.  Instead, the requested redaction is strictly confined to one sentence of the memorandum that discloses the formula information itself.  That measured approach is consistent with the Second Circuit's instruction that any restriction on access must be no broader than necessary to protect the countervailing interest at stake.  *See In re New York Times Co.,* 828 F.2d 110, 116 (2d Cir. 1987).  Because the redactions are limited to discrete proprietary information and leave the remainder of the memorandum available for public review, the request satisfies that standard.

UrthTech contends that Exhibit 17 (ECF No. 216-2) contains trade secrets, and seeks a redaction of both Exhibit 17 and a portion of GOJO's memorandum that quotes the portion

where UrthTech seeks a redaction.  After careful review of Exhibit 17, the portion of the documents where the redaction is sought references a discussion of issues concerning the order of a formula, modifications, and other measures taken to perfect a chemical formula. Because UrthTech seeks only a redaction of a particular portion of Exhibit 17 and of the memorandum containing the same language, the Court also finds that the proposed redaction is narrowly tailored and germane for similar reasons as the redaction of the memorandum that GOJO seeks.

Finally, UrthTech asks that Exhibit 26 (ECF No. 216-3) be sealed in its entirety.  Though UrthTech offers little independent argument in support of sealing, the Court has nonetheless conducted its own review of the exhibit and concludes that sealing is warranted.  That review shows that Exhibit 26 contains proprietary information concerning formula ingredients, testing data, and related technical material of a type not publicly available.  Disclosure of that information through the public docket would reveal confidential aspects of UrthTech's product development, formula, and testing processes and could thereby place UrthTech at a commercial disadvantage.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  In light of the nature of the information contained in the document, and because the confidential material appears throughout the document rather than in isolated passages, the Court finds that sealing the exhibit in its entirety is appropriately tailored to protect UrthTech's asserted business interests at this stage of the litigation.

**CONCLUSION**

For the above reasons, the Court GRANTS the requests to seal and accepts the proposed redactions of the parties to the extent that the Clerk of Court has already restricted access to

documents attached to ECF Nos. 214 and 216.  The parties are reminded that the information placed under seal in connection with this request may not be similarly treated in connection with a separate dispositive motion.

**The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 215.**

**SO ORDERED.**

Dated:    March 17, 2026
          New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge