# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

URTHTECH LLC,

                              Plaintiff,

        v.

GOJO INDUSTRIES, INC.

                              Defendant.

CASE NO.: 1:22-cv-06727-PKC

Judge P. Kevin Castel

Magistrate Judge Katharine H. Parker

**DEFENDANT GOJO INDUSTRIES, INC.'S
REPLY IN SUPPORT OF
MOTION TO STRIKE PLAINTIFF URTHTECH LLC'S
THIRD SUPPLEMENTAL ANSWERS AND OBJECTIONS
<u>TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NO. 1)</u>**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................... 1

II.   ARGUMENT ......................................................................................................................... 2

    A.   UrthTech provided no legitimate excuse for its untimely disclosure ................................ 2

    B.   UrthTech's admission that TS 7 is a "fall back" plan undermines any claim that it is important ............................................................................................................ 5

    C.   UrthTech fails to rebut the clear prejudice to GOJO .......................................................... 6

    D.   UrthTech's claim that no continuance is needed ignores and exacerbates the prejudice to GOJO ............................................................................................................ 6

III.  CONCLUSION....................................................................................................................... 6

i

# TABLE OF AUTHORITIES

**Cases**

*Babcock & Wilcox Co. v. Areva NP, Inc*, 292 Va. 165 (2016) ...................................................... 5

*Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.,* 1. F. Supp. 3d 224
    (S.D.N.Y 2014) ........................................................................................................................ 3

*Freeman Inv. Mgmt. Co. v. Frank. Russell Co.*, No. 13-CV-2856 JLS, 2016 U.S.
    Dist. LEXIS 136220 (S.D. Cal. Sept. 30, 2016) ......................................................... 2

*JDS Therapeutics, LLC v. Pfizer Inc.,* 1:12-cv-9002 (S.D.N.Y.) (J. Rakoff) (Aug.
    26, 2013) .......................................................................................................................... 2

*JDS Therapeutics, LLC v. Pfizer Inc.*, 2013 U.S. Dist. LEXIS 146235 (S.D.N.Y.
    Sep. 30, 2013) .................................................................................................................. 3

*Lonza Greenwood LLC v. Natals, Inc.*,25 Civ. 6319, 2026 U.S. Dist. LEXIS
    29718 (S.D.N.Y. Feb. 12, 2026) ............................................................................... 1, 2

*Surge Staffing LLC v. Tolbert*, No. 22 CV 5041, 2025 LX 141936 (N.D. Ill. Jan.
    7, 2025) ............................................................................................................................. 2

*TK Elevator Corp. v. Abels*, No. 4:21CV3116, 2022 U.S. Dist. LEXIS 222708 (D.
    Neb. Dec. 9, 2022) .......................................................................................................... 2

*Town & Country linen Corp. v. Ingenious Designs LLC*, 556 F.Supp.3d 222
    SDNY (2021) .................................................................................................................... 5

*Xerox Corp. v. IBM*, 64 F.R.D. 367 (S.D.N.Y. 1974) ..................................................................... 3

4898-1722-9746, v.2

## I.   INTRODUCTION

GOJO's Motion is not premised on any misconceptions, as UrthTech claims. (Opposition, Dkt. #254 ("Opp.") at 1.)  *First,* UrthTech cites no case law allowing a plaintiff to freely identify new trade secrets after discovery.  Rather, UrthTech cites *Lonza Greenwood LLC v. Natals, Inc.*, which simply acknowledges that at the early stages of a case, the requirement for identifying a trade secret with particularity is less stringent because a plaintiff "may not know which part of its trade secrets have been misappropriated or cannot determine the full scope of its claims until it gains a better understanding of how a defendant operates."  25 Civ. 6319, 2026 U.S. Dist. LEXIS 29718, at *6–7 (S.D.N.Y. Feb. 12, 2026) (cleaned up).  But UrthTech is not arguing that this is why it is adding the alleged Trade Secret 7 ("TS 7.")  UrthTech has always known that GOJO licensed UrthPRO and then improved it.  Yet UrthTech never asserted UrthPRO as an asserted trade secret until now.

*Second*, GOJO is not "misconstruing" UrthPRO as an entirely new trade secret.  Just because UrthPRO was an alleged *element* of Trade Secrets 4–6 does not mean UrthTech asserted it as a trade secret.  UrthTech's asserted trade secrets contain many known elements, for example, ethanol and water.  (*See* ECF 142, at 107-109.)  One might not be able to understand Trade Secret 5 without also understanding ethanol and water, but that does not mean ethanol and water are asserted trade secrets.  (*See* Opp. at 1.) In short, UrthTech concedes that it is adding TS 7 as a "fall back" measure because "GOJO disputes that changing the surfactant as called for [in] UrthTech's Trade Secrets 4–6 are not actually trade secrets."  (Opp. at 10.)  Perhaps UrthTech only appreciated the problems with Trade Secrets 4–6 after it read GOJO's technical expert's report.  But that does not permit UrthTech to shift the sands at the last minute by inserting an entirely new "fall back" trade secret.  UrthTech's TS 7 should be struck.

## II.    ARGUMENT

### A.    UrthTech provided no legitimate excuse for its untimely disclosure.

UrthTech calls its untimely disclosure "irrelevant," suggesting that case law supports identifying new trade secrets after discovery closed.  (Opp. at 8.)  This flippant response is at odds with the case law.  *See, e.g., Surge Staffing LLC v. Tolbert*, No. 22 CV 5041, 2025 LX 141936, at *12 (N.D. Ill. Jan. 7, 2025) (striking amended interrogatory answers containing new trade secrets served "at the eleventh hour, with written discovery complete"); *Freeman Inv. Mgmt. Co. v. Frank. Russell Co.*, No. 13-CV-2856 JLS, 2016 U.S. Dist. LEXIS 136220, at *10-12 (S.D. Cal. Sept. 30, 2016) (holding that additional attempts to refine trade secret identifications would be "too little too late" after a year and a half of discovery); *JDS Therapeutics, LLC v. Pfizer Inc.,* 1:12-cv-9002 at Dkt. No. 46 (S.D.N.Y.) (J. Rakoff) (Aug. 26, 2013) (granting application to strike supplemental identification of trade secrets "long after the deadlines established in the Case Management Plan ordered in this case"); *TK Elevator Corp. v. Abels*, No. 4:21CV3116, 2022 U.S. Dist. LEXIS 222708, at *11 (D. Neb. Dec. 9, 2022) (striking untimely disclosed trade secrets where plaintiff failed to show "why disclosure of additional trade secrets could not have been made at the outset in accordance with the parties' agreed-upon disclosure deadline").

Indeed, UrthTech's case law analysis is deeply flawed.  None of the cases UrthTech cites support what UrthTech is trying to do here.  The opinion in *Lonza Greenwood LLC v. Natals, Inc.* said nothing about identifying new trade secrets *after* fact discovery has been completed. 2026 U.S. Dist. LEXIS 29718, at *3-4.  The court addressed whether the plaintiff had sufficiently identified its trade secrets *at the outset* of the expedited discovery process.  And in *Xerox Corp. v. IBM*, the plaintiff failed to comply with a special master's instruction on

2

identifying the data and information forming the basis for its trade secret claim, with the court finding that "after nearly a year of pre-trial discovery, Xerox should be able to identify in detail the trade secrets and confidential information alleged to have been misappropriated by IBM." 64 F.R.D. 367, 371-72 (S.D.N.Y. 1974).  UrthTech's citation to *Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co.* is both inaccurate and surprising. The case is not relevant in any way to the issues in GOJO's Motion.  Rather, in *Big Vision*, a court in this District granted the defendant's summary judgment motion against trade secret misappropriation on facts very similar to this case: the plaintiffs set forth an ever-shifting trade secret theory about information that was publicly known with no evidence of misappropriation. 1. F. Supp. 3d 224, 267–275 (S.D.N.Y 2014).  If anything, UrthTech's attempt to shift the burden onto GOJO to "distill[]" Dr. Awad's vague "brain trust" trade secret (Opp. at 3) to understand what is at issue in this case is precisely what the *Big Vision* court held is improper.  1 F. Supp. 3d at 263 (finding that plaintiff impermissibly shifted burden on defendant and court to ascertain its trade secret).

Finally, the opinion in *JDS Therapeutics* supports GOJO's Motion.  The court in *JDS Therapeutics* struck a portion of an expert opinion related to an *untimely* supplemental identification of trade secrets.  *JDS Therapeutics, LLC v. Pfizer Inc.*, 2013 U.S. Dist. LEXIS 146235, at *3-4 (S.D.N.Y. Sep. 30, 2013).  Indeed, Judge Rakoff had previously granted the defendant's application to strike "plaintiffs' 'supplemental' identification of trade secrets and 'supplemental' initial disclosures, both of which were served on defendants long after the deadlines established in the Case Management Plan ordered in this case." 1:12-cv-9002 at Dkt. No. 46 (Aug. 26, 2013).

UrthTech's excuses for its late disclosure fare no better.  UrthTech admits that it "did not separately define the UrthPRO formula as a separate trade secret in its interrogatory responses

3

because it assumed that this was entirely uncontroversial and undisputed[.]" (Opp. at 4.) UrthTech's assumption is wrong, unwarranted, and irrelevant. GOJO does and will dispute that UrthPRO is a trade secret if UrthTech is allowed to assert it, for at least the reasons GOJO set forth in its Motion. (Mem. ISO Motion at 1–2; 4, 8.) And UrthTech should not have assumed GOJO would understand UrthPRO to be a trade secret, particularly in view of Dr. Awad's testimony that UrthPRO is *not* a trade secret. (*Id.* at 4.) UrthTech instructs the Court to ignore Dr. Awad's own testimony because he "is not a lawyer" (Opp. at 9)—but this case should be decided on facts, not attorney argument.[1] Put simply, "assuming" that GOJO would (or should) understand that admittedly unidentified formulations are asserted trade secrets does not satisfy UrthTech's requirement to identify its trade secrets with particularity.

Finally, UrthTech's attempt to pin its late disclosure on GOJO's expert opinion is nonsense. UrthTech claims that "[t]he UrthPRO formula did not become a controversy in the case until . . . . Dr. Klibanov assumed that the 'basic formulations' referred to in Trade Secrets 4–6 were limited to the 'FB' formula referenced in UrthTech's patents." (Opp. at 4.) Even if, via Dr. Klibanov's opinion, UrthPRO "bec[a]me a controversy" (GOJO disputes this), that does not justify UrthTech's new position that UrthPRO is a trade secret. If UrthTech believes Dr. Klibanov misunderstood Trade Secrets 4–6 as not including improvements to UrthPRO,[2] UrthTech's own expert was free to point that out in his rebuttal expert report, and UrthTech is free to make that argument at summary judgment if necessary. But this does not justify

---

[1] Indeed, even though UrthTech designated Robert George, Jr., UrthTech's President, to testify on topics related to technical aspects of the asserted trade secrets, despite having no scientific expertise, he acknowledged that Dr. Awad would be the better witness to testify on UrthTech's behalf regarding the relevant scientific principles. *See* Dkt. No. 254, Exhibit 2, Robert George Jr. 5-14-2025 Depo. at 13:6–11.

[2] As a matter of fact, UrthTech misconstrues Dr. Klibanov's opinion. But that is not relevant for deciding GOJO's Motion.

4

4898-1722-9746, v.2

UrthTech suddenly asserting UrthPRO as a new asserted trade secret.  UrthTech never asserted that the basic formulations that UrthTech "modified" according to Trade Secrets 4–6 were in themselves trade secrets.  Courts in this District have rejected attempts to recast trade secrets after the fact to avoid a finding that they are generally known and thus not entitled to trade secret protection. *See, e.g., Town & Country linen Corp. v. Ingenious Designs LLC*, 556 F.Supp.3d 222, 276 S.D.N.Y. (2021) ("What they cannot do is claim a broad range and then, when it turns out that points within that range are generally known, reverse course to avoid the 'generally known' inquiry and argue that the trade secret is something far different.")  Doing so now significantly changes the nature of the case.

**B.**    UrthTech's admission that TS 7 is a "fall back" plan undermines any claim that it is important.

UrthTech remarkably admits that TS 7 is a strategic "fall back" position if it does not succeed on Trade Secrets 4–6. (Opp. at 10.)  In other words, UrthTech litigated this case for years not asserting UrthPRO as a trade secret, finished expert discovery, reviewed GOJO's technical expert report, realized it needed a fall-back position, and tried to introduce an entirely new trade secret into the case. This is pure gamesmanship—just another attempt to move the goal posts.  It is certainly not a reason to deny GOJO's Motion.

UrthTech also argues that the License Agreement "encompasses all of the 'Know -How' that UrthTech imparted to GOJO, including the UrthPRO formula of Trade Secret 7."  (Opp. at 3; 9–10.)  But this is irrelevant to GOJO's Motion.  If anything, it demonstrates that GOJO could not have misappropriated UrthPRO. *Babcock & Wilcox Co. v. Areva NP, Inc*, 292 Va. 165, 206-07 (2016) ("There can be no misappropriation where acquisition, disclosure, and use of a trade secret have been expressly authorized by contract.").  Indeed, the License Agreement contemplated that GOJO may solely develop improvements to the licensed technology and

5

GOJO would own "all right, title and interest in and to such Improvements, including any patent application anywhere in the Territory[.]" (Exhibit A to ECF 59 at §3.2.)

**C.      UrthTech fails to rebut the clear prejudice to GOJO.**

UrthTech's two-paragraph attempt to brush off the clear prejudice to GOJO fails. At most, UrthTech claims that GOJO knew that UrthPRO was "relevant" to the case. This "notice" falls well short of identifying UrthPRO *as an asserted trade secret*. UrthTech is effectively smuggling TS 7 into the case as a Trojan horse—avoiding any challenge in discovery or in GOJO's expert reports. This is highly prejudicial to GOJO.

**D.      UrthTech's claim that no continuance is needed ignores and exacerbates the prejudice to GOJO.**

Finally, UrthTech's one-paragraph argument that no continuance is necessary if TS 7 is added to the case fails to address GOJO's need for additional discovery. UrthTech claims that "GOJO only makes abstract, non-specific assertions about the need to reopen discovery," but this is not true. GOJO provided at least five specific topics it would need to investigate through discovery if TS 7 was added to the case. (Mem. ISO Motion at 14-15.) UrthTech cannot smuggle in a "fall back" trade secret at the last second and proceed to summary judgment without giving GOJO a fair opportunity to challenge the merits of that trade secret.

**III.   CONCLUSION**

For all of these reasons, UrthTech's Third Supplemental Response should be struck. UrthTech waited until long after the close of fact discovery to assert TS7, despite having possessed the underlying information to assert it from the inception of this lawsuit. UrthTech offers no legitimate basis for that delay, makes no meaningful showing that TS7 even qualifies as a trade secret in the face of testimony to the contrary, and ignores the implications of the parties'

6

4898-1722-9746, v.2

License Agreement. Coupled with the demonstrated prejudice that would result if UrthTech's late disclosure were permitted, GOJO respectfully requests that its Motion to Strike be granted.

Dated:   June 5, 2026

*/s/ Andrew W. Alexander*
John Cipolla (Admitted *Pro Hac Vice*)
(jcipolla@calfee.com)
Andrew Alexander (Admitted *Pro Hac Vice*)
(aalexander@calfee.com)
Chet Bonner (Admitted *Pro Hac Vice*)
(cbonner@calfee.com
Nicholas Zalany (Admitted *Pro Hac Vice*)
(nzalany@calfee.com)
Calfee, Halter & Griswold LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Tel: 216-622-8200

Noam J. Kritzer
(nkritzer@kmpatentlaw.com)
Kritzer McPhee LLP
23 Vreeland Road, Suite 104
Florham Park, New Jersey 07932
Tel: 973-679-7272

Ryan S. McPhee
(rmcphee@kmpatentlaw.com)
Kritzer McPhee LLP
501 W. Broadway, Suite 800
San Diego, California 92101
Tel: 619-758-3600

*Attorneys for the Defendant*

7

4898-1722-9746, v.2

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on June 5, 2026.

/s/ Andrew W. Alexander
Andrew W. Alexander

## CERTIFICATE OF WORD-COUNT LIMITATIONS

The undersigned certifies that, in accordance with Local Civil Rule 7.1(c), the foregoing Memorandum of Law has a word count of 1,993, which does not exceed the 8,750 word-count limitation.

/s/ Andrew W. Alexander
Andrew W. Alexander

4898-1722-9746, v.2