UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
URTHTECH LLC,

Plaintiff,

-against-

22-cv-6727 (PKC)(KHP)

ORDER

GOJO INDUSTRIES, Inc.,

Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

In this four-year-old suit over trade secrets and inventorship, defendant GOJO Industries, Inc. ("GOJO") moved for sanctions pursuant to Rule 11, Fed. R. Civ. P., arguing that the claims in the action were frivolous and ought to be dismissed with an award of attorneys' fees. The Honorable Katharine H. Parker, U.S.M.J., to whom the case was assigned for General Pretrial Supervision, (ECF 82), issued a Report and Recommendation ("R & R") recommending that the sanctions motion be denied. (ECF 238.) GOJO has timely objected to the R & R. (ECF 239.) In the exercise of caution, the Court reviews the R & R de novo. See Gurvey v. Cowan, Leibowitz & Latman, P.C., 06-cv-1202, 2015 WL 5472893, at *2 (S.D.N.Y. Sept. 17, 2015) (Schofield, J.) (citing Kiobel v. Millson, 592 F.3d 78, 79–80 (2d Cir. 2010)).

For reasons to be explained, the Court adopts the R & R in its entirety.

BACKGROUND

Plaintiff UrthTech alleges that it is "the leading developer of environmentally responsible antimicrobial products and specialty edible oils" and that its inventions are found in

consumer and commercial cleaning products. (Second Amended Compl't ("SAC") ¶ 1.) GOJO manufactures and sells consumer and commercial cleaning products under the brand Purell®. (Id. ¶ 2.) UrthTech alleges that the parties entered into a non-disclosure agreement and a license agreement granting GOJO an exclusive license to UrthTech's patents. (Id. ¶ 3.) UrthTech further alleges, among other things, that GOJO misappropriated UrthTech's trade secrets and filed two patent applications that wrongly omitted Dr. Aziz Awad, an UrthTech co-founder, as a co-inventor. (Id.)

At an earlier juncture, the Court granted a motion to dismiss the First Amended Complaint but granted leave to file a Second Amended Complaint over GOJO's objections that the amendment would be futile. (ECF 48, 56 & 58.) The Second Amended Complaint has been filed and answered. (ECF 59 & 65.) Fact discovery in this action has been extensive and contentious but is now complete.

Over three years into the action, GOJO brought a Rule 11 sanctions motion asserting, among other things, that at the time UrthTech commenced this action in August 2022, it knew that the action was baseless and that it had no evidentiary support for its claim that Dr. Awad invented, or that GOJO misappropriated, any trade secrets related to GOJO's '662 Patent or '973 Patent. It also asserts that UrthTech made false statements to the Court to secure permission to file the Second Amended Complaint, statements which it contends were later contradicted by Awad's deposition testimony.

The record on the sanctions motion is supported by 28 exhibits, including over 100 pages of deposition excerpts from multiple witnesses, responses to interrogatories, and responses to requests for admissions and documents. (ECF 214.) It resembles a summary judgment motion in volume of materials but does not explain how pieces of evidence fit into the

record as a whole on particular claims. After full briefing, Judge Parker recommended denial of the Rule 11 motion in the R & R.

GOJO makes three principal objections to the R & R: (1) it was error to deny the Rule 11 motion based on a perceived dispute of fact concerning an April 9, 2020 memorandum; (2) it was error to deny the motion where UrthTech has failed to withdraw its Defend Trade Secrets Act ("DTSA") claim despite it being "indisputably" time-barred; and (3) it was error to deny the motion where UrthTech has failed to withdraw its trade secret claims despite making false allegations to avoid dismissal.

DISCUSSION

GOJO's objection does not adequately address a central basis for Judge Parker's recommended denial of the Rule 11 motion, specifically, that GOJO is attempting to obtain a merits determination of the claims without the benefit of summary judgment briefing.

A Rule 11 motion "requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990). It "targets situations 'where it is patently clear that a claim has absolutely no chance of success.'" Healey v. Chelsea Resources, Ltd., 947 F.2d 611, 626 (2d Cir. 1991) (internal citations omitted). Courts have denied Rule 11 motions that attempt an end run around a motion to dismiss or summary judgment motion. See Yousef v. Al Jazeera Media Network, 16-cv-6416, 2018 WL 6332904, at *2 (S.D.N.Y. Oct. 31, 2018) (McMahon, J.) (denying motion as premature); Luv N' Care, Ltd. v. Shiboleth LLP, 16-cv 3179, 2017 WL 3671039, at *13 (S.D.N.Y. Aug. 8, 2017) (Nathan, J.) ("[I]t is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the *end of the*

*litigation.*") (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 56 n.19 (1991)); Safe-Strap Co., Inc. v. Koala Corp., 270 F. Supp. 2d 407, 420 (S.D.N.Y. 2003) (Knapp, J.) (denying motion "because it is an improper substitute for a motion for summary judgment").

Tellingly, in its Rule 11 submission to Judge Parker, GOJO sought no sanction other than dismissal plus fees. GOJO urged that its "[m]otion should be granted, and the Court should dismiss UrthTech's claims and award GOJO all of its reasonable attorney's fees incurred thus far." (ECF 232 at 10.)

GOJO argues that its motion cannot be fairly considered as premature because it waited until discovery was complete or nearly so. But the critical point is that a Rule 11 motion relying upon the absence of evidence to support a claim should be made in tandem or in coordination with a summary judgment motion or trial. Prudently and reasonably, a court would wish to decide whether there is a genuine disputed issue to be presented to a trier of fact on a claim before deciding whether the exact same claim was frivolous. In this instance, Judge Parker and the undersigned are deprived of the type of merits briefing that would place the purportedly dispositive issues in context. In the present posture, a court also would not have the benefit of the statements of undisputed facts required by the Local Civil Rule 56.1 that are often helpful in deciding a summary judgment motion.

For example, GOJO cherry-picks phrases from an April 9, 2020 memorandum drafted by Awad. (ECF 214-2.) Awad titled the memo a "draft response" and suggested in an email that "the final response" would not be formulated until after "a conference call . . . to discuss further[.]" (Id. at 2.) It is in the context of a complete record that reasonable inferences from the draft may best be assessed. The same may be said of GOJO's argument that UrthTech should have withdrawn certain of its claims.

With respect to the assertion that a false statement was made to this Court in connection with UrthTech's filing of a Second Amended Complaint, GOJO points to UrthTech's allegations that it maintained confidentiality around its materials:

> UrthTech is a very small company. Dr. Awad is the only scientist at UrthTech and is solely responsible for UrthTech's research and development. Accordingly, he is also responsible for maintaining the confidentiality of all UrthTech trade secret information. Dr. Awad maintained electronic copies of trade secret and confidential information on his password-protected computer, to which only Dr. Awad had access, and which was stored in Dr. Awad's office or residence, both of which were locked and not accessible to members of the public. UrthTech's policy is to limit use of hard-copy documents containing trade secret and confidential information, and such documents were maintained on Dr. Awad's person or locked in his office, and shredded after use. For product samples sent to outside laboratories for testing, such testing was performed on a confidential basis, and Dr. Awad provided the samples with only generic labels that did not reveal the compositions of the samples.

(SAC ¶ 7.) According to GOJO, this was a false statement because Awad later admitted that he gave confidential documents to "CMDA:"

> Awad recently declared that he gave hard-copy "critical trade secret materials" to CMDA in 2016 without indicating what they contained or any instruction to keep them safe or to preserve them. ECF 142, at ¶¶ 16. CMDA held them until October 2022 (after this case was filed) and then destroyed them. ECF 190-1 at 6–7. These "critical" hard-copy documents certainly were not on Awad's person or locked in his office, despite UrthTech's amended allegations.

(ECF 214-1 at 30.) It appears that "CMDA" is a reference to Cummings, McClorey, Davis & Acho, P.C., a firm representing UrthTech. That Awad turned over confidential documents without extracting an express pledge of confidentiality from his lawyer who is otherwise bound by the attorney-client privilege would not seem to have the import GOJO suggests, namely that there is an obvious falsehood in the Second Amended Complaint.

GOJO describes its sanctions motion as having been made "only . . . after the

comprehensive fact discovery process[,]" (ECF 239 at 2), yet it was apparently unwilling to proceed in tandem with a summary judgment motion. Now that GOJO is before this Court on its objection, it seems more receptive to a different viewpoint on timing:

> If the Court is inclined to agree with Judge Parker's reasoning that the parties "proceed to summary judgment motion practice," rather than grant the Rule 11 Motion at this time, GOJO respectfully requests that instead of denying the motion at this time, it hold it in abeyance until after summary judgment practice is concluded.

(Id. at 3.)

CONCLUSION

The Court has considered de novo the entirety of the R & R and considered it in the context of all arguments advanced in GOJO's objection. The Court adopts the R & R in its entirety.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 18, 2026