USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/8/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

URTHTECH LLC,

Plaintiff,

-against-

GOJO INDUSTRIES, INC.,

Defendant.

22-CV-6727 (PKC) (KHP)

**OPINION AND ORDER ON MOTIONS TO SEAL**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

Presently before the Court are Defendant GOJO Industries, Inc.'s ("GOJO") request to partially redact and file under seal certain materials filed in connection with Defendant its motion to strike at ECF No. 249, (ECF No. 250) as well as Plaintiff UrthTech LLC's ("UrthTech") adjacent request to file certain exhibits cited in its opposition to the motion to strike in redacted form. (ECF No. 256) For the following reasons, both requests are GRANTED.

**BACKGROUND**

GOJO seeks to seal in its entirety ECF No. 251-2, a GOJO-produced document that purportedly contains non-public communications between GOJO and UrthTech concerning components of GOJO's product formulations. GOJO also seeks to file in redacted form ECF No. 251-3, the supplemental expert report of Carleton J. Parker III, which contains information concerning Trade Secret 7 – the principal subject of the underlying motion to strike. Though GOJO does not oppose UrthTech's request to seal information relating to Trade Secret 7, it makes clear that its consent should not be construed as conceding that Trade Secret 7 constitutes a protectable trade secret or that the information at issue is not publicly known.

UrthTech separately seeks approval of the redactions it has proposed at ECF Nos. 254-3, 254-4, 254-5, and 254-6. ECF No. 254-3 is UrthTech's third supplemental interrogatory responses to GOJO's first set of interrogatories. ECF No. 254-4 is UrthTech's second supplemental interrogatory responses to GOJO's first set of interrogatories. ECF No. 254-5 is a collection of excerpts from Dr. Alexander Klibanov' opening expert report. And ECF No. 254-6 is a collection of excerpts from Carleton Parker III's rebuttal expert report. UrthTech argues that each of the proposed redactions seek to protect "highly sensitive technical information that UrthTech has identified as trade secrets." (ECF No. 256 at 1)

**LEGAL STANDARD**

The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the [judicial] process[.]" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (internal quotation marks and citation omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that this presumption applies to complaints filed in civil actions, *Bernstein*, 814 F.3d at 140, as well as "pretrial motions and written documents submitted in connection with them, and docket sheets." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 164 (2d Cir. 2013) (citations omitted).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A document is judicial if it "would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court

ultimately rules or whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id*. However, the weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *See Brown,* 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Once triggered, the First Amendment "requires a court to make specific, rigorous findings before sealing [a] document or otherwise denying public access" to the judicial record. *Bernstein*, 814 F.3d at 141 (internal quotation marks and citation omitted). "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Newsday*, 730 F.3d at 165 (internal quotation marks and

citation omitted). This is because "[w]hat offends the First Amendment is the attempt to [exclude the public] without sufficient justification, not the simple act of exclusion itself." *Id.* (alteration in original) (internal quotation marks and citation omitted). Thus, once a document is "judicial," the presumption of public access is weighed against the "danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015).

**DISCUSSION**

It is undisputed that the exhibits the parties seek to seal are plainly "judicial documents," to which a presumption of access attaches. *Amodeo*, 71 F.3d at 1048. The documents at issue have been submitted to the Court to enable it to adjudicate the parties' dispute regarding asserted Trade Secret 7. *See Lugosch*, 435 F.3d at 126; *Dawson v. Merck & Co.*, No. 12-Civ. 1876 (BMC) (PK), 2021 WL 242148, at *4 (E.D.N.Y. Jan. 24, 2021). Therefore, these documents carry a "strong presumption of public access, which is rebuttable only with specific, on-the-record findings that closure is essential to preserve higher values." *Binh Thanh Exp. Prod. & Trade Joint Co. v. Amazon.com Serv.s LLC*, No. 23 Civ. 292 (LGS), 2025 WL 2302267, at *2 (S.D.N.Y. Aug. 8, 2025) (slip copy). The question that now remains is whether the requested redactions and sealings are narrowly tailored such that closure would not offend the right to public access. *See In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)

("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.").

A. GOJO's Motion

After careful review of the two documents GOJO seeks to seal, the Court concludes that sealing is warranted because the presumption of public access is outweighed by the confidential, sensitive, and nonpublic information contained therein.

With respect to ECF No. 251-2, though GOJO seeks to seal the exhibit in its entirety, the exhibit consists of an email exchange containing a granular discussion of what GOJO asserts as its proprietary formulas. Disclosure of the information contained in the exhibit could reveal trade secrets and other confidential commercial information and thereby place GOJO at a competitive disadvantage. *Kewazinga Corp. v. Microsoft Corp*., No. 18 Civ. 4500 (GHW), 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal confidential and proprietary business information, crediting the assertion that exposure could "allow competitors to develop products that compete with Microsoft, or it could be used by third parties to gain an advantage over Microsoft in business negotiations."). Moreover, ECF No. 251-2 does not contain other information material to the Court's adjudication of the motion to strike. Accordingly, the Court finds that complete sealing of the exhibit is narrowly tailored and does not unduly impair the public's right of access. *See In re New York Times Co.*, 828 F.2d at 116.

As to ECF No. 251-3, the Court likewise concludes that the proposed redactions are warranted. The redacted portions of the exhibit, considered together with UrthTech's sealing submission, establish a valid need to protect the "confidentiality of such sensitive business

information," which constitutes "a legitimate basis to rebut the public's presumption of access to judicial documents." *Lexington Furniture Indus., Inc. v. Lexington Co., AB*, No. 19 Civ. 6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). Courts in this Circuit have recognized, in particular, that the presumption of access may be overcome where judicial documents disclose sensitive technical or proprietary information that, although considered by an expert, does not itself bear directly on the Court's resolution of the parties' dispute. *See Avocent Redmond Corp. v. Raritan Americas, Inc.*, No. 10 Civ. 6100 (PKC), 2012 WL 3114855, at *15 (S.D.N.Y. July 31, 2012); *see also CSL Silicones, Inc. v. Midsun Group, Inc.*, No. 14 Civ. 1897 (CSH), 2017 WL 4750701, at *3 (D. Conn. July 12, 2017) ("[C]onfidential 'commercial information' of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing.") (citations omitted). That is precisely the case here. The proposed redactions are confined to technical information concerning the composition and formulation of what UrthTech identifies as Trade Secret 7. Though the status and public availability of certain aspects of Trade Secret 7 bear on the parties' dispute, public disclosure of the underlying formulation itself is not necessary for the public to understand either the parties' positions or the basis for the Court's resolution of the motion to strike. Indeed, requiring disclosure of the asserted trade-secret information merely because its status as a trade secret is disputed would risk defeating the confidentiality interest the sealing motion seeks to protect. At the same time, the balance of the expert report remains publicly available, permitting meaningful public access to the expert's opinions and the role those opinions play in the litigation. Because the proposed redactions are limited to the specific technical information that may constitute

confidential and proprietary business information, rather than broader portions of the report, the Court finds them narrowly tailored to protect the asserted confidentiality interest while preserving public access to the remainder of the judicial document. Accordingly, and out of an abundance of caution, the proposed redactions to ECF No. 251-3 are warranted.

B. UrthTech's Motion

For substantially the same reasons as denoted for ECF No. 251-3, the Court finds that UrthTech's proposed redactions at ECF Nos. 254-3, 254-4, 254-5, and 254-6 are acceptable. That is, after careful review of the proposed redactions and consideration of UrthTech's motion the Court is satisfied that it can make the requisite on the record finding that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Indeed, portions of the exhibits UrthTech seeks to redact contain detailed information regarding UrthTech chemical formulas. The proposed redactions are limited to the specific information that could reveal the substance, composition, or other confidential details of those asserted formulas. They do not obscure the broader descriptions of the purported trade secrets, the parties' competing positions concerning them, or other information necessary to understand the issues presented by the motion. Thus, the proposed redactions are narrowly tailored to protect only the particular information for which UrthTech asserts a confidentiality interest, while leaving publicly available sufficient information to permit meaningful understanding of the nature of the asserted trade secrets and their relevance to the underlying dispute.

**CONCLUSION**

For the above reasons, the Court GRANTS the requests to seal and accepts the proposed redactions to the extent that the Clerk of Court has already restricted access to documents

attached to ECF Nos. 251 and 257. The parties are reminded that the information placed under seal in connection with this request may not be similarly treated in connection with a separate dispositive motion.

**The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 250 and 256.**

**SO ORDERED.**

Dated: September 8, 2026
New York, New York

Katharine H Parker

KATHARINE H. PARKER
United States Magistrate Judge